559 P.2d 249 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Ralph Harold WRIGHT, Defendant-Appellant.
No. 75-647.
Colorado Court of Appeals, Div. 3.
September 23, 1976.
Rehearing Denied October 14, 1976.
Certiorari Granted January 31, 1977.
*250 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Lynne M. Ford, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Norman R. Mueller, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
BERMAN, Judge.
Defendant appeals from the refusal of the trial court to allow him to withdraw his guilty plea upon its determination not to sentence him in accordance with a plea bargain agreement. We reverse.
At a providency hearing held on May 5, 1975, the trial court accepted defendant's guilty plea to second degree assault, the crime with which he had been charged. Prior to accepting the plea, the court indicated that it was aware of negotiations between the district attorney and defense counsel and informed defendant that the court was not bound by any promises that may have been made to him, by any representations as to what sentence the court might enter, nor by any representations as to whether the court would grant probation. Following the acceptance of the plea, the district attorney informed the court that he recommended defendant be granted probation if defendant secured employment in Atlanta, Georgia.
Although it does not affirmatively appear in the record that the plea agreement included this recommendation, the People concede in their brief that this was, in fact, the bargained-for agreement. Furthermore, since defendant pled guilty to the only crime charged, charge concessions could not have been involved. Thus, the court's indication that it was aware that the plea was negotiated could only refer to its knowledge of an agreement by the district attorney to recommend probation.
At the sentencing hearing, defendant, fearing probation would not be granted in light of the pre-sentencing report (even though he had obtained the specified employment), unsuccessfully sought to withdraw his guilty plea. The court refused to allow the plea to be withdrawn, denied probation, and sentenced defendant to an indeterminate term not to exceed eight years.
Defendant appeals contending that the court had an obligation to offer him the opportunity to withdraw his guilty plea when the court determined it would not follow the district attorney's recommendation that probation be granted. We agree and therefore reverse.
At issue is the appropriate construction of Crim.P. 32(e), which rule provides that:
"If the court decides that the final disposition should not include the charge or sentence concessions contemplated by a plea agreement, as provided in Rule 11(f) of these Rules, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere."
Inasmuch as there are no cases which have interpreted this portion of Crim.P. 32(e) since it became effective on April 1, 1974, the issue is one of first impression.
The People contend that the above-quoted portion of the rule is inapplicable to the instant case. Pointing out that the district attorney has no authority to determine the appropriate sentence or grant probation and that the court is not bound by any sentence recommendation, the People argue that the plea bargain required only that the recommendation be made. In essence, the People's premise is that a sentence "recommendation" is not a sentence "concession." We disagree.
Penal statutes are to be strictly construed in favor of defendants, Cokley v. People, 168 Colo. 280, 450 P.2d 1013; Polly v. People, 107 Colo. 6, 108 P.2d 220, and they are to be construed as written. Harris v. People, 113 Colo. 511, 160 P.2d 372; Price v. Board of County Commissioners, 22 Colo. App. 315, 124 P. 353. The policy which underlies applying these principles to penal statutes is equally applicable to rules of *251 criminal procedure premised on penal statutes. Crim.P. 32(e) implements § 16-7-302(2), C.R.S. 1973. Accordingly, we adopt these principles of construction as a guide to construing Crim.P. 32(e).
It is true that the district attorney has no authority to determine the sentence. However, we hold that sentence concessions must be equated with sentence recommendations; to hold otherwise would render the reference to sentence concessions in Crim.P. 32(e) meaningless.
A careful reading of the rule itself supports this view. Crim.P. 11(f) referred to in the rule concerns, in subsection (2) thereof, various alternatives available to the district attorney in plea bargaining. The charge concessions are obvious. See Crim.P. 11(f)(2)(II) and (III). As to the sentence concessions, Crim.P. 11(f)(2)(I) permits the district attorney to agree, as a part of a plea bargain, to make favorable recommendations concerning the sentence.[1] Thus, the reference in Rule 32(e) to "sentence concessions as provided in Rule 11(f)" must be a reference to sentence recommendations by the district attorney. See Commonwealth v. Sutherland, 234 Pa.Super. 520, 340 A.2d 582. Accordingly, we hold that the district attorney's agreement here to recommend probation was a sentence concession contemplated by the plea agreement.
This interpretation of 32(e) is consistent with the trial court's obligation to "exercise an independent judgment in deciding whether to grant charge and sentence concessions." Crim.P. 11(f)(5); see also § 16-7-207(2)(e), C.R.S. 1973. The court is not bound by the recommendation; in its discretion it may refuse to grant the district attorney's sentence concession. See, e. g., Commonwealth v. Wilson, 234 Pa.Super. 7, 335 A.2d 777; Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; see also Fed.R.Crim.P. 11(e), Notes of Advisory Committee on Rules, 1974 Amendment. However, if the court decides not to grant the "sentence concessions contemplated by a plea agreement . . . he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty . . .." Crim.P. 32(e). (emphasis added)
The People argue that Crim.P. 32(e) is limited to those situations where the court has previously approved of, or concurred in, a sentence recommendation pursuant to Crim.P.11(b)(5) or § 16-7-302(2), C.R.S. 1973. We disagree. See ABA, Standards Relating to the Function of the Trial Judge § 4.1[c] (commentary) (quoted in Quintana v. Robinson, infra). A sentence recommendation is a sentence concession whether or not the court approves or concurs. Both Crim.P. 11(f)(5) and § 16-7-302(2), C.R.S. 1973, require the court to "exercise an independent judgment in deciding whether to grant charge and sentence concessions." Thus, the approval of the court is not the device which elevates a recommendation to the status of a concession.
Merely informing the defendant, pursuant to Crim.P. 11(b)(5), (see also § 16-7-207(2)(e), C.R.S. 1973), that the court will not be bound by any recommendation or representation by anyone concerning sentencing or probation does not obviate the necessity of its complying with Crim.P. 32(e). Thomas v. Florida, 327 So.2d 63 (Fla. App.); see also generally the cases cited infra. Furthermore, the provision in Crim.P. 11(b)(5) and § 16-7-207(2)(e), C.R.S. 1973, that the court will not be bound by representations made to the defendant "unless [the] representations are included in a formal plea agreement approved by the court and supported by the findings of the presentence report . ." does not free the court from complying with Rule 32(e).
Where the court has initially indicated its concurrence in the recommendation, but later rejects it, the defendant's only relief would be withdrawal of the plea. Section 16-7-302(2), C.R.S. 1973, but compare United *252 States v. Hammerman, 528 F.2d 326 (4th Cir.). However, Rule 32(e), by its terms, is not limited to those situations where the court has first concurred in, or approved of, the sentence concessions.
Several federal circuit courts and numerous states, by judicial decision as well as by statute or court rule, have held that a court, upon deciding not to grant the sentence recommended by the state as part of the plea bargain, is required to offer the defendant an opportunity to withdraw a guilty plea. See United States ex rel. Culbreath v. Rundle, 466 F.2d 730 (3d Cir.); United States v. Gallington, 488 F.2d 637 (8th Cir.); Griffith v. Wyrick, 527 F.2d 109 (8th Cir.); Thomas v. Florida, supra; Florida Crim.P. 3.171(c); State v. Nuss, 131 N.J. Super. 502, 330 A.2d 610; Quintana v. Robinson, 31 Conn.Super. 22, 319 A.2d 515; State v. Fisher, Iowa, 223 N.W.2d 243; English v. State, 56 Ala.App. 704, 325 So.2d 211; Commonwealth v. Evans, 434 Pa. 52, 252 A.2d 689. The Fourth Circuit has also hinted it might follow this approach. See United States v. Truglio, 493 F.2d 574 (4th Cir.). See also ABA, Standards Relating to the Function of the Trial Judge § 4.1[c]; see generally Smith & Dale, The Legitimation of Plea Bargaining: Remedies For Broken Promises, 11 Am.Crim.L.Rev. 771 (Spring, 1973).
Plea bargaining is recognized as an indispensable element of our criminal justice system. Often, as here, the only agreement by the prosecutor, for his part of the plea bargain, is a sentence or probation recommendation in exchange for a guilty plea to the crime as charged. "Thus, when the trial judge reject[s] the plea bargain he remove[s] it as the basis for the sentence." Commonwealth v. Wilson, supra. When this occurs, the plea can hardly be characterized as voluntary. See Gibson v. State, 532 S.W.2d 69 (Tex.Crim.App.) (dissenting opinion). "Even though the judge has said nothing to the defendant . . . except that he need not follow the prosecutor's recommendations, there nevertheless remains at least the taint of false inducement." ABA, Standards Relating to the Function of the Trial Judge § 4.1[c] (commentary). And, "[t]o say in these circumstances that all which was bargained for and agreed to was fulfilled by the prosecutor's mere act of recommending probation would reduce the bargain to a trap, or, at best, a formality." Thomas v. Florida, supra.
Contrary to the People's argument, the rule adopted here does not give defendant an unfair advantage at the expense of the prosecution. District attorneys have the power, which they always have had, to refuse to recommend a sentence or probation. Judges, in their discretion, also may reject sentence concessions, but if they do so, fundamental fairness mandates that the defendant be permitted to withdraw the plea if he so desires.
Because of our conclusion on this issue, we do not reach defendant's other contentions of error.
Judgment reversed and cause remanded with directions to permit defendant to withdraw his plea of guilty, enter a new plea, and for further proceedings.
KELLY and STERNBERG, JJ., concur.
NOTES
[1] By statute, the district attorney may also, as a part of the plea bargain, agree to "consent" to deferred prosecution or deferred sentencing. Section 16-7-301(2)(d) and (e), C.R.S. 1973 (1975 Cum. Supp.).