991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Herbert Glenn POLK, Petitioner-Appellant,
v.
Stephen KAISER, Warden; Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 92-6338.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant petitioner Herbert Glenn Polk's motion for leave to appeal in forma pauperis and for a certificate of probable cause. The motion to appoint counsel is denied.
 
 
 2
 Petitioner appeals from the dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. He has filed other petitions for habeas relief. One petition, filed in 1989, CIV-89-394-W, did not succeed; another petition the following year, CIV-90-1664-W, was dismissed as an abuse of the writ. Therefore, petitioner's habeas petition here must be examined under the rules governing 28 U.S.C. § 2254. Rule 9(b) reads as follows:
 
 
 3
 Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 4
 If a later petition raises grounds for relief that were previously alleged but not determined on the merits, that later habeas petition may not be subject to dismissal as successive or abusive. 28 U.S.C. § 2244(b).
 
 
 5
 The government bears the initial burden of pleading the abuse of the writ defense, and must do so with clarity and particularity. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). This burden includes identifying "the claims that appear for the first time." Id. Thereafter, the burden lies with the petitioner to disprove abuse of the writ. Id.
 
 
 6
 In its brief in support of its motion to dismiss this petition for habeas relief, Doc. 10, the government acknowledges that the petition is not successive, and attempts to raise the abuse of the writ defense. However, that motion does not identify the claims that appear for the first time in this habeas petition, or the allegations made by petitioner in his earlier habeas proceedings. In addition, the magistrate judge acknowledges in the Report and Recommendation to the district court, Doc. 16, p. 3, that the claims raised in CIV-89-394-W were "for the most part, reviewed on the merits." We can only conclude that some allegations may not have been treated on the merits. Petitioner's previous habeas petitions were not included in the record, nor referred to by the government, the magistrate judge or district judge with sufficient specificity for us to determine the substance of petitioner's previous allegations and the extent to which those claims may not have been reviewed on the merits.
 
 
 7
 Therefore, we remand to the district court for further proceedings to determine the extent to which any allegations in petitioner's latest habeas petition may have been previously raised, but not dealt with on the merits, and/or how petitioner may have abused the writ.
 
 
 8
 REMANDED.
 
 
 
 *
 This order and judgment has no percedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3