**Robert M. WATKINS, Petitioner–Appellant,**

v.

**Ron CHAMPION, Attorney General of the State of Oklahoma, Respondent–Appellee.**

No. 94–7036.

United States Court of Appeals, Tenth Circuit.

Nov. 2, 1994.

Robert M. Watkins, appellant, pro se.

Susan B. Loving, Atty. Gen., Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, OK, for appellees.

Before SEYMOUR, Chief Judge, McKAY, and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

Petitioner appeals from an order denying his 28 U.S.C. § 2254 petition as an abuse of the writ under Rule 9(b) of the Rules Governing § 2254 Cases.[1] Although petitioner alleged this was his first federal habeas action, the government's response identified a § 2254 petition pursued unsuccessfully by petitioner in the United States District Court for the Northern District of Oklahoma, and thereafter on appeal to this court, in 1990. The instant petition raises two claims—failure by the prosecution to establish at petitioner's murder trial that the victim was shot by a male (and, thus, possibly by the accused), and ineffective assistance of trial and appellate counsel in connection with the denial of counsel's demurrer to the state's evidence—neither of which was mentioned in the order disposing of his first petition. As petitioner did not attempt to show cause and prejudice for his belated presentation of these claims, or argue that a fundamental miscarriage of justice would result if these claims were not heard, the magistrate judge [2] held petitioner had abused the writ and denied the petition accordingly. *See McCleskey v. Zant,* 499 U.S. 467, 493–94, 111 S.Ct. 1454, 1469–70, 113 L.Ed.2d 517 (1991).

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. This case was decided by the magistrate judge on consent of the parties, *see* 28 U.S.C. § 636(c)(1). Our jurisdiction is secured by § 636(c)(3), in conjunction with 28 U.S.C. § 1291.

On a motion for reconsideration, petitioner raised the argument that is also the focal point of this appeal. Petitioner notes, correctly, that a habeas petition may be dismissed under the plain terms of Rule 9(b) and 28 U.S.C. § 2244(b) only if it (1) "successively" repeats claims previously decided on the merits, or (2) "abusively" asserts new grounds unjustifiably omitted from a prior petition. *See also Sawyer v. Whitley,* — U.S. —, —, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Consequently, if a habeas petition reasserts a claim that was previously raised (negating the second condition) but never decided on the merits (negating the first), it is neither·successive nor abusive and, thus, absent some other procedural deficiency, should be addressed on the merits.

■ The record developed thus far does not include the petition filed in petitioner's earlier habeas case. In lieu thereof, we have the district court order disposing of that case. However, without some catch-all reference rejecting on the merits all claims not otherwise specifically ·discussed, such an order clearly cannot self-reflexively settle the inquiry whether it covers every ground raised in the petition to which it is addressed. *Cf. Smith v. Digmon,* 434 U.S. 332, 333–34, 98 S.Ct. 597, 598–99, 54 L.Ed.2d 582 (1978) (in determining what issues petitioner exhausted in state court, it is error "too obvious to merit extended discussion" for habeas court to rely conclusively on discussion in state court opinion).

Thus, petitioner argues, the existing record does not conclusively reflect the conditions for dismissability under Rule 9(b), and since the government bears the initial burden of establishing those conditions, with clarity and particularity, *see McCleskey,* 499 U.S. at 494, 111 S.Ct. at 1470, it was erroneous (or at least premature) to dismiss the petition on this basis. By way of illustration, petitioner cites a recent unpublished decision of this court which reversed and remanded a habeas case for further consideration of a Rule 9(b) question in light of the government's failure to demonstrate that the claims raised had been asserted and addressed on the merits in· an earlier proceeding. *See Polk v. Kaiser,* 991 F.2d 806 (10th Cir.1993) (specifically not-

ing absence of prior petition from record developed in district court).

The magistrate judge denied petitioner's motion for reconsideration by minute order, without any substantive comment on the argument outlined above. While the motion should have received some responsive analytical discussion from the judge, we affirm his decision for the reasons that follow.

■ We do not gainsay the soundness of petitioner's line of reasoning from the provisions of Rule 9(b) and § 2244(b), at least in general principle. However, for such an argument to be of any avail in the particular circumstance of this—or any other—specific case, the habeas petitioner must at least allege that an issue previously raised was indeed omitted from the previous court's consideration. And even more should be expected of the petitioner where, as here, such an allegation would contradict an express recitation of the habeas claims raised before that court. Thus, when a prior decision lists and addresses the grounds asserted in a habeas petition, for purposes of the rules governing successive and abusive petitions we shall accept that summary of the issues presented, *unless* the petitioner or the record provides a persuasive reason to question its accuracy or completeness. *Cf. Andrews v. Deland,* 943 F.2d 1162, 1171 (10th Cir.1991) (this court will ordinarily accept district court's express statement that it engaged in statutorily required de novo review of record in case referred to magistrate judge), *cert. denied,* — U.S. —, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992). No such reason has been offered or is evident here.

■ Under these circumstances, we accept as accurate and complete the recitation of asserted grounds for relief included in the order denying petitioner's first habeas petition. On that basis, we agree with the magistrate judge that the present proceeding raises claims omitted from the first petition. Furthermore, as petitioner fails to assert any grounds for finding the cause and prejudice, or fundamental miscarriage of justice, necessary to excuse his belated assertion of these claims, *see McCleskey,* 499 U.S. at 493–94, 111 S.Ct. at 1469–70, we affirm the judge's

decision barring the petition as abusive under Rule 9(b).

Finally, we note that petitioner has submitted an "Open Letter" to this court referring to newly discovered evidence allegedly probative of his innocence. We make no ruling on this matter, which petitioner is free to pursue by appropriate proceeding in the district court, subject of course to applicable proscriptions regarding delayed, successive, or abusive petitions.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.