**Virgil F. RYDER, Petitioner–Appellant,**

v.

**O.C. JENKINS, Warden; United States Parole Commission, Respondents–Appellees.**

**Nos. 94–3113, 94–3188.**

United States Court of Appeals, Tenth Circuit.

Jan. 26, 1995.

---

Virgil F. Ryder, pro se.

Randall K. Rathbun, U.S. Atty., D. Brad Bailey, Asst. U.S. Atty., Topeka, KS, for respondents-appellees.

Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Petitioner, a federal prisoner, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the actions of the United States Parole Commission (Commission). The district court denied the petition, and petitioner appealed. This court abated the appeal pending the district court's disposition of petitioner's Fed.R.Civ.P. 59(e) motion for reconsideration. After the district court denied the 59(e) motion, petitioner filed a new notice of appeal. Our jurisdiction over these appeals,[1] which have now been consolidated, arises under 28 U.S.C. §§ 1291 and 2253.

In 1968, petitioner was sentenced to twenty years' imprisonment for bank robbery. He was paroled in 1972. While on parole, petitioner was convicted of a state crime. He was incarcerated in state prison from 1978 to 1991. In 1981, while petitioner was in state prison, the Commission officially revoked petitioner's federal parole and ordered a parole violator term to commence upon petitioner's release from state custody. In 1991, petitioner was paroled from state pris-

on and returned to federal custody to serve his parole violator sentence. He received a parole hearing in 1991, after which two hearing examiners recommended that petitioner be released in May 1992. That recommendation was not followed, however, by the Commission, which ordered petitioner's parole violator term to continue to the expiration of his sentence.

Complaining about the Commission's decision, petitioner has filed two petitions for writ of habeas corpus—this one, and a previous one filed in the United States District Court for the Western District of Missouri. In his previous petition, petitioner argued that (1) the hearing panel's recommendation was improperly referred for review to the Commission; (2) the Commission abused its discretion in setting petitioner's parole violator term; (3) the Commission lacked jurisdiction over petitioner; (4) the Commission improperly relied on aggravating factors to continue petitioner's custody beyond that recommended by the guidelines; (5) the Commission failed to credit the time petitioner served in state custody, as allegedly required by 28 C.F.R. §§ 2.21(c), 2.47(e)(1), and 2.52; (6) the Commission erroneously refused to credit earned good-time credits, the time petitioner spent on parole, and the time he spent in state custody; and (7) the parole violator sentence violated the separation of powers doctrine and the prohibition against double jeopardy, and denied petitioner a fair and public trial. The district court for the Western District of Missouri dismissed the petition, disposing of each argument on the merits. The Eighth Circuit affirmed.

Armed with more elaborate arguments, petitioner filed this petition in the United States District Court for the District of Kansas. Essentially, he argues that his parole violator sentence should have commenced with the revocation of his parole in 1981 and should have run concurrently with his state sentence. He claims that 18 U.S.C. § 4210(b)(2) (repealed 1986), which allowed the Commission to determine whether the parole violator sentence should run consecu-

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

tively or concurrently to the sentence imposed for a new offense, is ambiguous and its implementation must be governed by legislative history. Citing House Conference Report No. 838, 94th Cong., 2d Sess. 32 (1976), *reprinted in* 1976 U.S.C.C.A.N. pp. 335, 351, 364, petitioner argues that Congress intended the federal sentence to be reinstated immediately after parole revocation and served concurrently with a subsequent sentence. Because this intent is not reflected in the Commission's regulations, particularly in 28 C.F.R. § 2.52(c)(2), petitioner argues that the Commission has abused its discretion in promulgating the regulations. As a result, petitioner allegedly has been denied concurrent service of his federal and state sentences, contrary to the expressed intent of Congress.

The petition, in respondents' view, also renews a claim petitioner raised in his prior petition—that the Commission abused its discretion when it refused to follow the hearing panel's recommendation to release petitioner in May 1992. Respondents asked the district court to dismiss that claim as successive under 28 U.S.C. § 2244(a). All other claims, they urged, should be dismissed on the merits.[2]

In response, petitioner denied raising any of his present arguments in his previous habeas petition. Petitioner's Traverse, R. I, doc. 13 at 2. His new arguments, he claimed, are, therefore, not barred by § 2244(a). *See Sanders v. United States,* 373 U.S. 1, 12, 83 S.Ct. 1068, 1075, 10 L.Ed.2d 148 (1963) ("[Section] 2244 is addressed only to the problem of successive applications based on grounds previously heard and decided."). He explained that the new arguments are based on the intent of Congress, as expressed in the legislative history, and on certain passages of 28 C.F.R. Part Two.

The district court did not rule on respondents' successive petition argument. Nor did it consider petitioner's legislative history argument. Instead, the court decided that the parole regulations do not violate the parole

statute and that the Commission's actions in this case did not violate the statute.

On appeal, petitioner complains that the district court failed to consider his legislative history argument and his argument that, pursuant to 28 C.F.R. Part Two, his detainer warrant was automatically executed after he served eighteen months in state prison. Respondents, on the other hand, urge this court to reach their successive petition argument. Further, they claim that petitioner's legislative history argument is meritless.

This court has, in the past, reached the merits of a habeas petition that the district court, instead of dismissing as an abuse of the writ, chose to dismiss on the merits. *See Coleman v. Saffle,* 912 F.2d 1217, 1228–29 (10th Cir.), *cert. denied,* 497 U.S. 1053, 111 S.Ct. 22, 111 L.Ed.2d 834 (1990). *But see Macklin v. Singletary,* 24 F.3d 1307, 1310 (11th Cir.1994) (stating in light of *Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992), federal courts must resist temptation "to skip over an abuse of the writ issue and deny a claim on the merits"), *cert. denied,* —— U.S. ——, 115 S.Ct. 1122, 130 L.Ed.2d 1085 (1995). In this case, however, the district court failed to consider petitioner's central argument regarding legislative history. We deem it appropriate to remand this case for consideration of respondents' successive petition argument and, if necessary, for full consideration of petitioner's claims. The court should also determine whether petitioner's claims constitute an abuse of the writ, should respondents choose to raise that defense on remand. *See McCleskey v. Zant,* 499 U.S. 467, 493–96, 111 S.Ct. 1454, 1469–71, 113 L.Ed.2d 517 (1991) (explaining abuse of the writ doctrine).[3] Accordingly, we REVERSE the district court's judgment and REMAND for further proceedings.

---

**2.** Curiously, respondents did not argue that petitioner's other claims should be dismissed as abusively "assert[ing] new grounds unjustifiably omitted from a prior petition." *Watkins v. Champion,* 39 F.3d 273, 275 (10th Cir.1994).

**3.** Abusive claims are new claims not raised in a previous petition. *Sawyer v. Whitley,* —— U.S. ——, ——, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Successive claims "raise grounds identical to grounds heard and decided on the merits in a previous petition." *Id.*