61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon Lee BRANHAM, Defendant-Appellant.
 No. 95-7047.
 United States Court of Appeals, Tenth Circuit.
 July 24, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Vernon Lee Branham appeals the district court's order denying his motion to vacate his sentence pursuant to 28 U.S.C. 2255. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 3
 In 1989, this court affirmed Mr. Branham's convictions for two counts of mailing an explosive device with intent to injure, 18 U.S.C. 1716, two counts of possession of an unregistered destructive device, 26 U.S.C. 5861(d), and two counts of manufacturing a destructive device, 26 U.S.C. 5861(f). See United States v. Branham, No. 88-1487, (10th Cir. Order and Judgment filed July 3, 1989) (Branham I ). Mr. Branham then filed a motion under 28 U.S.C. 2255, claiming ineffective assistance of pretrial, trial, and appellate counsel. The district court dismissed the petition, but we remanded the case for reconsideration in light of our intervening decision in Beaulieu v. United States, 930 F.3d 805 (10th Cir.1991), overruled on other grounds by United States v. Galloway, --- F.3d ----, ----, 1995 WL 320423 * 2 (10th Cir. May 26, 1995) (en banc). See Branham v. United States, No. 90-7071, (10th Cir. Order and Judgment filed May 28, 1991) (Branham II ). After an evidentiary hearing on remand, the district court concluded Mr. Branham failed to carry his burden under Strickland v. Washington, 466 U.S. 668 (1984), and denied relief. We affirmed this ruling. See Branham v. United States, No. 93-7089, (10th Cir. Order and Judgment filed Feb. 14, 1994) (Branham III ).
 
 
 4
 On July 11, 1994, Mr. Branham filed the present motion under 28 U.S.C. 2255 raising three grounds in support thereof, two of which related to the calculation of his sentence, while the third related to the jury instructions. The United States filed an opposition to the motion, claiming in essence that Mr. Branham's present 2255 motion was abusive because it contained claims that were being "raised for the first time in a second or subsequent ... 2255 motion." United States v. Cook, 997 F.2d 1312, 1318 (10th Cir.1993). The matter was referred to a magistrate judge pursuant to 28 U.S.C. 636(b)(1) who recommended that the motion be dismissed as abusive. The district court, over Mr. Branham's objection, adopted the recommendation and dismissed the motion. Because we conclude the magistrate judge, and the district court, properly determined Mr. Branham's motion was abusive, we affirm.
 
 
 5
 We begin by noting the principle that a 2255 motion is not available as a substitute for a direct appeal and may not be employed to "test the legality of matters which should have been raised on appeal." United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994) (citations omitted). The abuse of the writ doctrine, as embodied in Rule 9(b) of the Rules Governing 2255 cases, provides "[a] second or successive motion may be dismissed if ... the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules." In the context of Rule 9(b) relating to state habeas corpus petitions, we observed that the rule permits the dismissal of a subsequent motion or petition for relief "if it (1) successively' repeats claims previously decided on the merits, or (2) abusively' asserts new grounds unjustifiably omitted from a prior petition." Watkins v. Champion, 39 F.3d 273, 275 (10th Cir.1994); see also Ryder v. Jenkins, 46 F.3d 59, 61 n. 3 (10th Cir.1995) (discussing successive and abusive petitions).
 
 
 6
 In this case, there can be no doubt that the matters Mr. Branham has asserted in the present 2255 motion were omitted from his direct appeal and his first 2255 motion; Mr. Branham candidly concedes this in his present motion. Therefore, the present motion is properly subject to dismissal as abusive "unless [Mr. Branham] excuses his failure to raise the issue earlier by showing cause for failing to raise it and prejudice therefrom' or by showing that a fundamental miscarriage of justice would result from a failure to entertain the claim.' " United States v. Richards, 5 F.3d 1369, 1370 (10th Cir.1993) (quoting McCleskey v. Zant, 499 U.S. 467, 493-96 (1991)).
 
 
 7
 Mr. Branham contends he has demonstrated cause for his failure to have raised these claims earlier, asserting it was the result of ineffective assistance of counsel. While ineffective assistance of counsel does constitute "cause" under the "cause and prejudice" analysis, see McCleskey, 499 U.S. at 494, we previously determined in Branham III that Mr. Branham's counsel was not constitutionally ineffective. See Branham III. Accordingly, we conclude Mr. Branham has not carried his burden of demonstrating cause for his failure to raise these claims earlier, nor do we believe our failure to address the merits of these claims would result in a fundamental miscarriage of justice. The motion was therefore properly dismissed as abusive.
 
 
 8
 The district court's order dismissing Mr. Branham's motion as abusive is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470