62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert A. BRECHEEN, Petitioner,
v.
Ron J. WARD, Warden of the Oklahoma State Penitentiary Respondent.
 No. 95-7126.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before BALDOCK, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Petitioner Robert Allen Brecheen appeals the district court's denial of his second petition for writ of habeas corpus. We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 I.
 
 2
 The parties are familiar with the factual and procedural history of this case. After pursuing a direct appeal and post-conviction relief in the state courts of Oklahoma, Petitioner was denied federal habeas corpus relief in the United States District Court for the Eastern District of Oklahoma by an order dated June 30, 1994. On appeal to this court, Petitioner raised six grounds for relief: (1) denial of a fair trial based on the trial court's denial of his motion for a change of venue; (2) denial of a fair trial due to prosecutorial misconduct and improper jury argument; (3) violation of due process during sentencing for failure to offer a "presumption of life" instruction; (4) violation of the Eighth Amendment during sentencing for overbroad use of a statutory aggravating circumstance; (5) ineffective assistance of counsel during the sentencing phase; and (6) cumulative error. Brecheen v. Reynolds, 41 F.3d 1343, 1349 (10th Cir.1994). We affirmed the district court's decision. Id. at 1370. The United States Supreme Court denied certiorari. Brecheen v. Reynolds, 115 S.Ct. 2564 (1995).
 
 
 3
 On August 3, 1995, Petitioner filed a second application for post-conviction relief in Oklahoma state district court predicated upon his June 1995 discovery of previously unknown evidence of alleged juror misconduct. Specifically, his second application was predicated upon: 1) unknown evidence contained in a taped interview conducted by the district attorney's office; and 2) a previously known allegation of an improper comment made by a juror.
 
 
 4
 In 1985, Petitioner's trial counsel filed a motion for new trial alleging juror misconduct. Specifically, counsel alleged that one of the juror's exited the courtroom after voir dire and told Barbara Stubbs, the victim's daughter, "It's in the bag, I'm on the jury." Pet. at 26. The court refused to hear the motion.
 
 
 5
 In late 1985, the Oklahoma Court of Criminal Appeals ordered an evidentiary hearing on the issue. To prepare for the evidentiary hearing, the district attorney's office conducted taped interviews with each of the jurors. In one of these interviews, juror Linda Winchester revealed that juror Pat Mullenix allegedly watched the news on television during the trial. The district attorney's office did not turn over this taped interview to the defense. Thus, neither the defense nor the trial court were aware of the contents of the taped interview at the time of the hearing. Following the hearing, the trial court concluded there was no juror misconduct and the Court of Criminal Appeals affirmed.
 
 
 6
 In May 1988, Petitioner submitted a motion to the district attorney requesting production of the taped interviews. The district attorney declined to produce them. In June 1995, following the election of a new district attorney, Petitioner was granted access to the state's prosecution file, reviewed the taped interview with juror Winchester and thereby discovered her allegation that juror Mullenix watched the news during the trial.
 
 
 7
 Following this discovery, Petitioner filed a second application for post-conviction relief in Oklahoma state district court alleging six grounds for relief: (1) evidence of juror misconduct wrongfully withheld by the State in violation of Brady v. Maryland, 373 U.S. 83 (1963); (2) ineffective assistance of counsel during the sentencing phase; (3) improper denial of proportionality review by the Oklahoma Court of Criminal Appeals; (4) denial of a fair trial due to counsel's failure to discover an "automatic death penalty juror" during voir dire; (5) denial of a fair trial due to improper prosecutorial argument; and (6) denial of his Sixth, Eighth, and Fourteenth Amendment rights due to the state's failure to provide adequate notice that it was seeking the death penalty.
 
 
 8
 On August 1, 1995, the state district court conducted an evidentiary hearing limited to the juror misconduct issue, finding the other issues either waived or barred. At the hearing, the state introduced the deposition of juror Mullenix. In her deposition, Mullenix stated she did not watch television news during the trial and followed the instructions of the judge. The district court found:
 
 
 9
 I have reviewed the entire record prior to today's hearing. Based on the record and that which was presented in today's hearing, I find that the verdict of the jury was based on the evidence which was presented and the instructions from the judge, and not based on events occurring outside the courtroom. Consequently, the Application for Post-Conviction Relief is denied.
 
 
 10
 Tr. at 44. The Oklahoma Court of Criminal Appeals affirmed in an order dated August 7, 1995.
 
 
 11
 On August 8, 1995, Petitioner filed the instant petition for writ of habeas corpus in federal district court raising the same issues raised in his second state application for post-conviction relief. The federal district court concluded Petitioner was not entitled to relief as to his juror misconduct claim based upon the factual findings of the Oklahoma trial court. The court also concluded the taped interview withheld by the prosecution was not exculpatory and therefore denied Petitioner relief as to his Brady claim. Finally, the court concluded each of Petitioner's remaining issues were either successive or abusive. As a result, the court denied the petition, Petitioner's request for a hearing, and his motion for stay of execution. The court granted a certificate of probable cause and this appeal followed.[2]
 
 II.
 
 12
 Rule 9(b) of the Rules Governing Section 2254 Cases provides:
 
 
 13
 A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 14
 The state has the burden to plead abuse of the writ. McCleskey v. Zant, 499 U.S. 467, 494 (1991). "Once the state raises abuse of the writ and pleads it with particularity, 'the burden shifts to the petitioner to show by a preponderance of the evidence, he has not abused the writ procedure.' " Andrews v. Deland, 943 F.2d 1162, 1172 (10th Cir.1991) (quoting Coleman v. Saffle, 869 F.2d 1377, 1381 (10th Cir.1989)); see also McCleskey, 499 U.S. at 494.
 
 
 15
 Under Rule 9(b), successive claims are those claims which are "identical to grounds heard and decided on the merits in a previous petition." Ryder v. Jenkins, 46 F.3d 59, 61 n. 3 (10th Cir.1995). Successive claims are barred unless a petitioner can demonstrate that " 'the ends of justice would be served by a redetermination of the ground.' " Parks v. Reynolds, 958 F.2d 989, 994 (10th Cir.1992) (quoting Sanders v. United States, 373 U.S. 1 (1963)), cert. denied, 503 U.S. 928 (1992). Under this inquiry, a petitioner must show that a "constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey, 499 U.S. at 494 (equating the "ends of justice" inquiry with the "fundamental miscarriage of justice" inquiry of abuse of the writ cases); see Sawyer v. Whitley, 112 S.Ct. 2514 (1992) (for application of this standard to the penalty phase of a capital trial).
 
 
 16
 "Abusive claims are new claims not raised in a previous petition." Ryder, 46 F.3d at 61 n. 3. Abusive claims are barred in a subsequent petition unless the petitioner can show cause for his failure to raise the claim and resulting prejudice or that a fundamental miscarriage of justice would result from the court's failure to consider the new claim. McCleskey, 499 U.S. at 493-95. In order to establish cause, a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's" efforts to raise the claim. Id. at 493 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). "Adequate cause includes interference by officials which makes compliance with a state's procedural rule impracticable, demonstration of the unavailability of a factual or legal basis, or constitutionally ineffective assistance of counsel in not bringing a claim." Worthen v. Kaiser, 952 F.2d 1266, 1268 (10th Cir.1992).
 
 
 17
 The requirement that a petitioner show cause "is based on the principle that a petitioner must conduct a reasonable and diligent investigation directed at including all relevant claims and grounds for relief in the first federal habeas petition." Id. (citing McCleskey, 499 U.S. at 498). "If what petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant. Omission of the claim will not be excused merely because evidence discovered later might also have supported or strengthened the claim." McCleskey, 499 U.S. at 498. With these principles in mind, we address each of Petitioner's contentions in turn.
 
 A.
 1.
 
 18
 Petitioner first contends he was denied a fair trial due to juror misconduct. Due process requires a defendant have "a jury capable and willing to decide the issue solely on the evidence before it." Smith v. Phillips, 455 U.S. 213, 217 (1982); see also Peters v. Kiff, 407 U.S. 493, 501 (1972) (a defendant has a "due process right to a competent and impartial tribunal."). The Supreme Court has held "that an impartial jury consists of nothing more than 'jurors who will conscientiously apply the law and find the facts.' " Lockhart v. McCree, 476 U.S. 162, 178 (1986) (quoting Wainwright v. Witt, 469 U.S. 412, 423 (1985)). In the context of a federal habeas proceeding, "[e]xplicit and implicit findings by state trial and appellate courts 'shall be presumed to be correct,' 28 U.S.C. 2254(d), unless one of the seven factors listed in section 2254(d) are present, or the federal court concluded that the state court findings are not fairly supported by the record." Case v. Mondragon, 887 F.2d 1388, 1392 (10th Cir.1989), cert. denied, 110 S.Ct. 1490 (1990).
 
 
 19
 In the instant case, we conclude the district court did not err in concluding Petitioner failed to show he was deprived of an impartial jury. Smith, 455 U.S. at 217. Both state courts found that the verdict of the jury was based upon the evidence presented at trial and not upon extraneous material. We conclude in accordance with the district court that the factual findings of the Oklahoma courts are entitled to deference. See Case, 887 F.2d at 1392; 28 U.S.C. 2254(d). We therefore affirm the district court's rejection of Petitioner's juror misconduct claim.
 
 2.
 
 20
 Petitioner next contends the state violated Brady by concealing the taped interview with juror Winchester. Under Brady, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. To establish a Brady violation, the petitioner must show that: 1) the prosecution suppressed evidence; 2) the evidence was favorable to the accused; and 3) the evidence was material. United States v. Hughes, 33 F.3d 1248, 1251 (10th Cir.1994). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). "A 'reasonable probability' of a different result is ... shown when the Government's evidentiary suppression 'undermines confidence in the outcome of the trial.' " Kyles v. Whitley, 115 S.Ct. 1555, 1566 (1995) (quoting Bagley, 473 U.S. at 678).
 
 
 21
 In the instant case, the district court concluded that the taped interview withheld by the state was not exculpatory and therefore rejected Petitioner's Brady claim. We agree with this conclusion. We additionally hold Petitioner has failed to demonstrate the withheld evidence was material, such that there was a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Bagley, 473 U.S. at 682. We therefore affirm the district court's rejection of Petitioner's Brady claim.[3]
 
 B.
 
 22
 Petitioner next contends he received ineffective assistance of counsel in the sentencing phase and was denied a fair trial due to improper prosecutorial jury argument. These claims are "grounds heard and decided on the merits" in his previous federal habeas petition, Ryder, 46 F.3d at 61 n. 3, and are thus successive. Petitioner has not shown "the ends of justice would be served by a redetermination" of these successive claims. Sanders, 373 U.S. at 15. Thus, we affirm the district court's dismissal of these claims as successive.
 
 C.
 
 23
 Petitioner's remaining claims are new claims not raised in his previous habeas petition and are thus abusive. See Ryder, 46 F.3d at 61 n. 3. Consequently, Petitioner must show cause for and prejudice from his failure to raise these claims in his earlier petition or that a fundamental miscarriage of justice would result from a failure to consider the new claims. See McCleskey, 499 U.S. at 493-95. After careful consideration, we conclude Petitioner has failed to show cause and prejudice to excuse his failure to raise these claims in an earlier petition. See id. In addition, Petitioner has not shown that a fundamental miscarriage of justice would result by dismissing these abusive claims because he has not demonstrated that a constitutional violation "probably has caused the conviction of one innocent of the crime", id. at 494, or innocent of the death penalty.
 
 
 24
 In accordance with the foregoing, we AFFIRM the district court's denial of the instant petition and Petitioner's request for an evidentiary hearing. We DENY Petitioner's application for stay of execution. See Delo v. Stokes, 495 U.S. 320, 321 (1990) ("A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted.' ") (quoting Barefoot v. Estelle, 463 U.S. 880, 895 (1983)). The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This panel has closely monitored this petition since it was initially filed in the United States District Court, and considerable effort has been expended on the issues raised. This panel has had the benefit of the pleadings filed in both state and federal courts with attached appendices, plus the transcript of the August 1, 1995 hearing. We have received the petition for writ of habeas corpus with supporting authorities, the state's response, and Petitioner's reply, filed in federal district court and accept them as filed in this court. Accordingly, the panel has determined unanimously that oral argument would not be useful, that no further briefing is necessary in this court, and that further delay in this appeal is not warranted. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9
 
 
 [3]
 We have assumed without deciding that a Brady violation could exist in the context of a post-conviction proceeding