**UNITED STATES COURT OF APPEALS**
**Filed 8/15/96**
**TENTH CIRCUIT**

VIRGIL F. RYDER,

      Petitioner - Appellant,

v.

O. C. JENKINS, Warden; and UNITED
STATES PAROLE COMMISSION,

      Respondents - Appellees.

No. 96-3068

(D. Kansas)

(D.C. No. 93-3223-RDR)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Virgil F. Ryder petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being falsely imprisoned in violation of the Fifth, Eighth, and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Thirteenth Amendments of the United States Constitution because the United States Parole Commission ("Commission") improperly (1) revoked his parole and (2) denied him concurrent service of his federal sentence. The district court dismissed, holding Ryder's petition was successive (same issues previously raised) and abusive (new issues raised, but without excuse for delay). We affirm.

I.

In 1968, Ryder was sentenced in federal court to a twenty-year term of imprisonment for bank robbery. He was paroled from that sentence in 1972. While on federal parole, Ryder was convicted of a state crime and incarcerated in state prison from 1978 to 1991. In 1981, while Ryder was in state custody, the Commission officially revoked his federal parole, advised him that none of the time spent on parole would be credited toward his federal sentence, ordered a parole violator term to commence upon his release from state custody, and ordered that his imprisonment continue until the expiration of his sentence.

In 1991, Ryder was paroled from state prison and returned to federal custody to serve his parole violator term. He received a statutory interim parole hearing in 1991, after which the panel recommended that Ryder be granted a parole effective date of May 12, 1992. The Commission, however, chose not to follow that recommendation and instead ordered Ryder's incarceration to continue until the expiration of his sentence.

This is Ryder's second petition for a writ of habeas corpus complaining of the Commission's decision. His first petition was filed in the United States District Court for the Western District of Missouri. That court dismissed the petition on the merits. Ryder v. Rison, No. 92-3065-CV-S-RGC (W.D. Mo. Jan. 12, 1993). The Eighth Circuit affirmed. Ryder v. United States Parole Comm'n, 6 F.3d 783 (8th Cir. 1993) (Table).

Ryder filed this petition in the United States District Court for the District of Kansas, essentially arguing that, based on his interpretation of federal parole regulations, (1) the Commission abused its discretion by denying him parole despite the hearing examiner panel's recommendation at his 1991 hearing that he be granted parole in May of 1992; and (2) the Commission abused its discretion by electing to run petitioner's parole violator term consecutively to his state-imposed sentence for second degree murder. The district court did not rule on respondents' successive petition argument, but instead held that the parole regulations do not violate the parole statute and that the Commission's actions in this case do not violate the statute. We reversed and remanded, directing the district court to consider "respondents' successive petition argument and, if necessary, [to] full[y] consider[] . . . petitioner's claims. The court should also determine whether petitioner's claims constitute an abuse of the writ, should respondents choose to raise that defense on remand." Ryder v. Jenkins, 46 F.3d 59, 61 (10th Cir. 1995). On remand, the district court dismissed Ryder's claims, holding they were successive and abusive.

II.

A § 2241 petition for writ of habeas corpus will be dismissed as successive under

28 U.S.C. § 2244(a) if it presents no new grounds for relief, unless the ends of justice

require consideration of the merits.[1]  The Supreme Court has clarified that the abuse-of-

the-writ doctrine, while not expressly mentioned in § 2244(a), applies to § 2241 petitions.

McCleskey v. Zant, 499 U.S. 467, 483-84 (1991).  McCleskey held that the cause and

prejudice test applicable to cases of procedural default applies also "to determine if there

has been an abuse of the writ through inexcusable neglect."  Id. at 493.

Respondents have the burden of demonstrating "with clarity and particularity . . .

petitioner's prior writ history, identif[ying] the claims that appear for the first time, and

alleg[ing] that petitioner has abused the writ."  Id. at 494.  Respondents have done this in

the instant case, shifting the burden to Ryder to show cause for failing to raise the new

issues in the earlier petition and the prejudice therefrom, or in the alternative that the

court's failure to entertain the claim would result in "a fundamental miscarriage of

---

[1]Section 2244(a) states:
> No circuit or district judge shall be required to entertain an
> application for a writ of habeas corpus to inquire into the
> detention of a person pursuant to a judgment of a court of the
> United States if it appears that the legality of such detention
> has been determined by a judge or court of the United States
> on a prior application for a writ of habeas corpus and the
> petition presents no new ground not theretofore presented and
> determined, and the judge or court is satisfied that the ends of
> justice will not be served by such inquiry.

justice." Id. at 494-95; see George v. Perrill, 62 F.3d 333, 335 (10th Cir. 1995) ("Absent

. . . a showing [of cause and prejudice], a court may not hear the claim unless the

petitioner shows that the case implicates a fundamental miscarriage of justice."); see also

Schlup v. Delo, 115 S. Ct. 851, 862-64 (1995) (habeas court may not ordinarily address

the merits of successive or abusive claims absent showing of cause and prejudice, or

fundamental miscarriage of justice).  Ryder's arguments are insufficient to sustain his

burden.

First he argues that as a pro se litigant, he had no actual knowledge of, and no way

of knowing where to find, the regulations upon which he now relies.  Although we

liberally construe pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972),

> "in abuse of the writ cases, the cause and prejudice standard applies to pro
> se petitioners just as it applies to petitioners represented by counsel.  When
> a pro se petitioner presents a new claim in a second or subsequent federal
> habeas petition, the petitioner must show cause and prejudice, as those
> terms have been defined in procedural default cases."

George, 62 F.3d at 335 (quoting Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.

1991)).  His discovery of federal regulations already in existence does not constitute

"cause" under the cause and prejudice standard.  See Rodriguez, 948 F.2d at 687-88

(finding Rodriguez failed to show cause because his "factual and legal bases . . . existed

at the time he filed his first federal habeas petition"); see also Coleman v. Thompson, 501

U.S. 722, 753 (1991) ("'[C]ause' under the cause and prejudice test must be something

external to the petitioner, something that cannot fairly be attributed to him . . . .").

Second, he cites <u>Murray v. Carrier</u>, 477 U.S. 478 (1986), for the proposition that he is entitled to a second petition, despite his failure to demonstrate cause for failing to raise it in the first application, if the "constitutional violation has probably resulted in the <u>conviction</u> of one who is actually innocent." Appellant's Br., Part (B) at 11 ¶ 6 (quoting <u>Murray</u>, 477 U.S. at 496) (emphasis added). <u>Murray</u> is inapposite as Ryder's petition does not raise arguments concerning his <u>conviction</u>, nor contend that he is actually innocent.

Accordingly, because we conclude Ryder's second petition raises both successive and abusive claims and because he fails to make any showing of cause, prejudice, or fundamental miscarriage of justice, we AFFIRM the district court's dismissal of Ryder's petition for habeas corpus.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge