The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Tyrone L. WALKER, Defendant–Appellant.

No. 01CA0123.

Colorado Court of Appeals, Div. III.

March 14, 2002.

Ken Salazar, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Tyrone L. Walker, Pro Se.

Opinion by Judge DAILEY.

Defendant, Tyrone L. Walker, appeals the trial court order denying his Crim. P. 35 motion for postconviction relief. We reverse and remand for further proceedings.

In exchange for the dismissal of a more serious charge, defendant pleaded guilty to attempted aggravated robbery, a class four felony under §§ 18–2–101, 18–4–302, C.R.S. 2001. The record reflects that, under the plea agreement, the prosecutor was to recommend a sentence in the presumptive range for the offense, two to six years in the Department of Corrections (DOC) under § 18–1–105(1)(a)(V)(A), C.R.S.2001.

Neither a written plea agreement nor a Crim. P. 11 advisement form appears in the record on appeal. However, the transcript of the providency hearing reflects that the trial court accepted defendant's guilty plea after fully advising him of the penalties he could face, including a maximum sentence of twelve years in DOC, and of the mandatory parole period of three years that would attach to whatever DOC sentence he received. The court also advised defendant that, notwithstanding the prosecution's recommendation of a presumptive range sentence, it would impose whatever sentence it deemed appropriate. Defendant indicated that he understood.

At sentencing, the trial court noted that it found the prosecution's presumptive range sentence recommendation "absolutely inexplicable." The court then imposed a sentence of ten years in DOC plus three years of mandatory parole.

Thereafter, defendant filed a pro se Crim. P. 35(c) motion, in which he alleged that his understanding of his plea agreement was that he would serve no longer than six years in DOC. He argued that the ten-year sentence he received, plus the three-year mandatory parole period, exceeded the maximum sentence he was to receive under his plea agreement. He requested that his

plea agreement be enforced and that counsel be appointed to assist him. The trial court denied the motion without a hearing and without appointing counsel, finding that "Defendant was advised of parole during the providency hearing."

Defendant then filed a second pro se motion, entitled "Motion for Illegal Sentence to Rule # 35(A)," in which he again argued that his sentence under the plea agreement was to be two to six years in DOC plus three years of mandatory parole. He argued that his plea was therefore not knowing and voluntary, and he requested that his sentence be modified to six years in DOC plus mandatory parole to conform to his understanding of his plea agreement. The trial court denied this motion "as a successive motion since it alleges substantially the same grounds as Defendant's [previous] Motion for Postconviction Relief."

On appeal, defendant contends that the trial court erred in denying his motion. We agree.

■ As an initial matter, we note that, under the circumstances presented here, defendant's second motion should not have been dismissed on "successive petition" grounds.

■ If a motion for postconviction relief reasserts a claim that was previously raised but never decided on the merits, "it is neither successive nor abusive and, thus, absent some other procedural deficiency, should be addressed on the merits." *See Watkins v. Champion,* 39 F.3d 273, 275 (10th Cir.1994)(applying analogous federal habeas corpus provisions).

Here, defendant's first motion emphasized the alleged impropriety of adding a mandatory parole period to his sentence. But, it also alleged that he had, in any event, been promised a sentence of no longer than six years, which was the maximum sentence in the presumptive range for the felony to which he pleaded guilty. In ruling on defendant's motion, the court addressed only the first, and not the second, issue. Under the circumstances, defendant properly raised this second issue again in his subsequent motion for

postconviction relief. *See Watkins v. Champion, supra. Cf. People v. Billips*, 652 P.2d 1060, 1064 (Colo.1982)(defendant not precluded from pursuing in second motion for postconviction relief matter that neither trial court nor court of appeals addressed in earlier postconviction proceeding).

When advising a defendant entering a guilty plea, a trial court is not bound by any representations made to the defendant concerning the penalty to be imposed, unless such representations are included in a formal plea agreement approved by the court and supported by the findings of any presentence report. *See* Crim. P. 11(b)(5). In every case, the trial court should exercise independent judgment in deciding whether to grant charge and sentence concessions. *See* Crim. P. 11(f)(5).

◼ Consequently, in analyzing the sufficiency of a providency hearing advisement, it must be remembered that the trial court advises the defendant of the consequences to which the plea could subject him or her under the applicable statutes, not under the plea agreement. Furthermore, the trial court makes no representations at the providency hearing that the plea agreement will be accepted. *Young v. People*, 30 P.3d 202, 206 (Colo.2001).

◼ However, when a trial court rejects a plea agreement, it removes the basis upon which a guilty plea was entered and draws into question the voluntariness of the plea. Therefore, a defendant retains the right to withdraw the plea at or before the sentencing hearing if the court determines that it will not follow the sentence concessions contemplated by the plea agreement. Crim. P. 32(d); *People v. Wright*, 38 Colo.App. 271, 273, 559 P.2d 249, 251 (1976), *aff'd*, 194 Colo. 448, 573 P.2d 551 (1978).

◼ Merely informing a defendant, pursuant to Crim. P. 11(b)(5), that the court will not be bound by any recommendation concerning sentencing does not obviate compli-

ance with Crim. P. 32(d). Thus, as provided by that rule, if the court decides not to grant the sentence concessions contemplated by a plea agreement, it shall so advise the defendant and then call upon the defendant to either affirm or withdraw the plea of guilty. *See People v. Wright, supra*, 38 Colo.App. at 274, 559 P.2d at 251; *see also Young v. People, supra*, 30 P.3d at 209 (Martinez, J., dissenting).

◼ Here, although defendant was advised that the trial court would determine the length of his DOC sentence notwithstanding the plea agreement, he was at no time advised that he would have the right to withdraw his guilty plea if the court chose not to accept the sentence recommendation. *Cf. People v. Weed*, 830 P.2d 1095, 1097 (Colo.App.1991)(trial court affirmatively advised defendant that he would be allowed to withdraw guilty plea if it rejected sentence stipulation).

Therefore, because the trial court's rejection of the sentence recommendation contained in the plea agreement calls into question the voluntariness of defendant's guilty plea, and because he was not called upon to affirm or withdraw that plea, we conclude that the case must be remanded to the trial court to allow defendant the opportunity to do so. *See Chae v. People*, 780 P.2d 481, 486 (Colo.1989); *People v. Wright, supra*, 38 Colo.App. at 274, 559 P.2d at 251.

The order is reversed, and the case is remanded to the trial court with directions to permit defendant to either withdraw or affirm his plea.

Judge NEY and Judge ROY concur.