The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Armando **MORALES–URESTI**, Defendant–Appellant.

No. 94CA1870.

Colorado Court of Appeals, Div. I.

Aug. 22, 1996.

Rehearing Denied Sept. 26, 1996.

Certiorari Denied March 24, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Armando Morales–Uresti, appeals the denial of his Crim. P. 35(b) motion for reduction of his sentence. We affirm.

After pleading guilty to unlawful sale of LSD in exchange for dismissal of two counts of sale and distribution of heroin, two counts of distribution of cocaine, and one count each of conspiracy to distribute cocaine and heroin, defendant was sentenced to three and one-half years in the Department of Corrections. He was later admitted into a "Regimented Inmate Training Program" pursuant to Colo. Sess. Laws 1990, ch. 1023, § 17–27.7–101, et seq., at 963.

Thereafter, but before completing the program, defendant filed a Crim. P. 35(b) motion seeking reduction of his sentence. The trial court denied the motion without a hearing and also denied a subsequent motion for reconsideration without a hearing. This appeal followed.

## I.

Defendant first contends that the trial court violated the provisions of Colo. Sess. Laws 1990, ch. 1023, § 17–27.7–104 at 964 in not holding a hearing on his Crim. P. 35(b) motion. We find no error.

Section 17–27.7–104 provided in pertinent part:

> If an offender successfully completes a regimented inmate training program, such offender ... shall automatically be referred to the court which sentenced such offender so that he may make a motion for reduction of sentence pursuant to rule 35b of the Colorado rules of criminal procedure. The department shall submit a report to the court concerning such offender's performance in the program and which may recommend that such offender be placed in a specialized probation or community corrections program. The court may not summarily deny the offender's motion without a complete consideration of all pertinent information provided by the offender, his attorney, and the district at-

torney. The court may issue an order modifying the offender's sentence and placing the offender on probation or in a community corrections program.

 Our primary task in construing a statute is to give effect to the intent of the General Assembly. Thus, we must first look to the statute's plain language, giving statutory words and phrases their commonly accepted and understood meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986); *People v. Davis,* 935 P.2d 79 (Colo.App.1996).

 Section 17–27.7–104 expressly incorporates the provisions of Crim. P. 35(b) as the framework for considering sentence reduction for any participant in the Regimented Inmate Training Program. Crim. P. 35(b) provides that a trial court "may, after considering the motion and supporting documents, if any, deny the motion without a hearing." Therefore, the plain language of the rule belies defendant's claim that a hearing is required on a Crim. P. 35(b) motion. *See also People v. Carey,* 701 P.2d 89 (Colo.App. 1984).

We reject defendant's assertion that the decision in *People v. Ellis,* 873 P.2d 22 (Colo. App.1993) mandates a different result. Although in that case the trial court chose to conduct a hearing on defendant's Crim. P. 35(b) motion for reconsideration of sentence following completion of the Regimented Inmate Training Program, nothing in the opinion suggests that a hearing was required.

Here, we find no abuse of discretion in the trial court's election to rule on defendant's motion without conducting a hearing. This is particularly so since, in his motion, defendant stated: "I request that the Court grant this Motion without a hearing."

 Nor did the trial court err in denying defendant's motion to reconsider the denial of the Crim. P. 35(b) motion. Defendant made no offer of proof which would apprise the court of the existence of any additional information that might warrant a hearing. *See People v. Busch,* 835 P.2d 582 (Colo.App. 1992); *see also* CRE 103(a)(2).

## II.

 Defendant also asserts the trial court erred in not considering "all pertinent information" as required by § 17–27.7–104 before denying his Crim. P. 35(b) motion. We disagree.

The record contains several documents detailing defendant's participation in the Regimented Inmate Training Program. It also contains defendant's presentence report and a probation report summarizing the Regimented Inmate Training Program results and recommending that defendant's Crim. P. 35(b) motion be denied.

While it is true that the record does not contain any information provided by defendant, his attorney, or the district attorney after defendant's acceptance into the Regimented Inmate Training Program, we do not view that absence to be significant. The court should not be precluded from ruling on defendant's motion simply because none of those entitled to provide additional information to the court chose to do so.

 Moreover, in its order denying defendant's Crim. P. 35(b) motion, the trial court found:

The Defendant was referred to and rejected by Intensive Supervision Probation, the Specialized Drug Program, and the Community Corrections Board. Probation recommends that the Court deny Defendant's Motion for Reconsideration. Considering Defendant's significant involvement in the distribution of heroin in Denver and that the Co–Defendant was not granted reconsideration, the Court denies Defendant's motion.

These findings are fully supported by the record and reflect the court's "complete consideration" of all the information available to it. Thus, no error occurred.

## III.

 Finally, defendant contends that the trial court erred in denying his motion before he had completed the Regimented Inmate Training Program. Again, we disagree.

On August 9, 1994, defendant's Progress Report/Assessment from the program was

filed. Although the report notes that defendant's anticipated completion date is "9/1/94," it also states that "This will be the final submitted report."

The trial court denied defendant's motion on August 29, 1994, almost three weeks later. The record shows that no other information concerning defendant was filed in the interim.

Given these facts, to have delayed a ruling until defendant's formal completion of the program would have served no purpose.

The order is affirmed.

CRISWELL, J., and ERICKSON *, Justice, concur.