The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Brian GRESL, Defendant–Appellant.

No. 00CA1170.

Colorado Court of Appeals, Div. III.

Dec. 31, 2003.

Certiorari Denied May 17, 2004.

Ken Salazar, Attorney General, Cynthia A. Greenfield, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Elizabeth Griffen, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Brian Gresl, appeals the trial court orders denying his motions for postconviction relief. We vacate the order granting reconsideration of the denial of his Crim. P. 35(b) motion, dismiss the appeal as to the orders denying enforcement of the order granting that reconsideration, and affirm the remainder of the orders.

In November 1995, pursuant to a consolidated plea agreement, defendant pleaded guilty in one case to sexual assault on a child by one in a position of trust (the sex assault case) and in another case to theft (the theft case). In exchange for defendant's guilty pleas, the prosecution agreed to dismissal of the remaining charges in those cases and three other cases.

On June 18, 1996, the trial court sentenced defendant to a twelve-year prison term for the sexual assault conviction and a concurrent three-year term for the theft conviction.

Defendant then filed a timely Crim. P. 35(b) motion on October 15, 1996 in the sexual assault case. That motion was denied following a hearing on March 3, 1997. On April 23, 1997, 309 days after he was sentenced, defendant filed motions in both cases to reconsider the denial of his Crim. P. 35(b) motion. The trial court's order of July 9, 1997, apparently granting the motions to reconsider, is at issue here.

It is unnecessary to set forth the rest of the complicated procedural background of this appeal, which involves several trial court orders ultimately denying defendant's Crim. P. 35(b) and (c) motions.

## I. Motions to Reconsider Denial of Crim. P. 35(b) Motion

■. Defendant first contends that the trial court erred by concluding that the July 9, 1997 order granting his motions to reconsider the denial of his Crim. P. 35(b) motion was a clerical mistake and by denying his Crim. P. 35(c) motion seeking enforcement of the order granting the motions to reconsider. We need not resolve that issue because, in any event, we conclude that the trial court lacked jurisdiction to entertain the motions to reconsider.

We agree with the People that defendant's motions to reconsider the order denying his Crim. P. 35(b) motion amounted to a second Crim. P. 35(b) motion and that, because the motions were filed after the 120–day deadline for filing such motions, the trial court lacked jurisdiction to rule on them.

■ No provision of the criminal procedure rules specifically authorizes a motion to reconsider an order denying a Crim. P. 35(b) motion or otherwise provides for reconsideration of such an order. *See People v. Morales–Uresti*, 934 P.2d 856 (Colo.App. 1996)(court affirms denial of motion to reconsider denial of Crim. P. 35(b) motion without addressing jurisdiction); *see also People v. Adams*, 905 P.2d 17 (Colo.App.1995)(filing a motion to reconsider cannot extend the time to appeal an order denying a Crim. P. 35(c) motion); *cf. Stone v. People*, 895 P.2d 1154 (Colo.App.1995)(division noted that a motion to reconsider is not specifically delineated in C.R.C.P. 59, and no other rule or statute established a party's right to file a motion to reconsider except under § 24–4–106(2), C.R.S.2003, of the Administrative Procedure Act and C.A.R. 40).

"Under Crim. P. 35, motions for reduction of sentence must be filed with the trial court within 120 days after sentence is imposed. Once the 120–day limit expires, the trial court's jurisdiction to reduce or change the sentence terminates." *Swainson v. People*, 712 P.2d 479, 480 (Colo.1986).

That time limit may be extended only in limited circumstances, such as when a defendant is unconstitutionally deprived of the opportunity to file a Crim. P. 35(b) motion because of ineffective assistance of counsel. *Swainson v. People, supra.* That time limit may also be extended by statute, such as § 17–27.7–104(2)(a), C.R.S.2003, which allows an inmate participating in the regimented inmate training program to file a Crim. P. 35(b) motion within sixty days of termination or completion of the program. *See People v. Smith*, 971 P.2d 1056 (Colo.1999). No such extension applies here.

Accordingly, we conclude the trial court lacked jurisdiction to entertain the motions to reconsider because they were filed more

than 120 days after defendant's sentence was imposed. *See People v. Fuqua*, 764 P.2d 56 (Colo.1988)(the requirement that a Crim. P. 35(b) motion be filed within 120 days after the sentence becomes final is jurisdictional, and a trial court lacks jurisdiction to consider an untimely motion); *Swainson v. People, supra* (same); *People v. Campbell*, 75 P.3d 1151 (Colo.App.2003)(same); *People v. Arnold*, 907 P.2d 686 (Colo.App.1995)(same). We similarly reject defendant's argument that the trial court had jurisdiction to entertain his motions to reconsider because his initial Crim. P. 35(b) motion was timely filed. There is no basis to conclude that defendant's motions to reconsider relate back to the date of his initial Crim. P. 35(b) motion. Accordingly, because defendant's motions to reconsider the denial of his Crim. P. 35(b) motion were filed more than 120 days after the date of his sentencing, the trial court did not have jurisdiction to rule on them.

Finally, the question whether the trial court erred in ruling on those motions is moot. We thus dismiss the appeal as to the September 20, 2001 order and the portion of the May 10, 2001 order regarding the motions to reconsider.

## II. Motion to Withdraw Guilty Plea

Defendant next contends he was not advised about the sentencing consequences of his guilty plea to the sex assault charge and that the trial court erred by denying his Crim. P. 35(c) motion to withdraw his guilty plea on that basis. We disagree.

■ To satisfy the requirements of due process, the record as a whole must show that the defendant entered his or her guilty plea knowingly and voluntarily. *Lacy v. People*, 775 P.2d 1 (Colo.1989); *Waits v. People*, 724 P.2d 1329 (Colo.1986).

■ Before accepting a defendant's guilty plea as knowingly and voluntarily entered, the trial court must ensure that the defendant was advised of the direct consequences of the plea, including the sentences that could be imposed. *People v. Marez*, 39 P.3d 1190 (Colo.2002); *Craig v. People*, 986 P.2d 951 (Colo.1999); *People v. Weed*, 830 P.2d 1095 (Colo.App.1991).

■ A proper advisement need not comport with any prescribed ritual or script. *Craig v. People, supra*.

■ Here, defendant was not advised either in writing or orally by the providency court regarding the range of sentences that could be imposed upon entry of his guilty plea to the sex assault charge. However, the prosecutor mentioned at the beginning of the providency hearing that defendant could be sentenced to up to sixteen years in prison for the sex assault charge, and the court advised him that he could be sentenced to up to twelve years for his theft conviction. Thus, the prosecutor's statement compensated for any deficiency in the court's advisement.

Accordingly, defendant is not entitled to relief based on the providency court's failure to advise him of the full range of sentences that could be imposed for his sex assault conviction. Although the Crim. P. 35(c) court erroneously concluded that defendant had been "advised carefully" of the possible penalties, we find no abuse of discretion in its ultimate denial of his motion. *See People v. Jenkins*, 768 P.2d 727 (Colo.App.1988)(a correct result will be upheld on review, even if the reason for the trial court's ruling was wrong).

■ We likewise find no abuse of discretion in the trial court's rejection of defendant's related claim that he should be permitted to withdraw his plea on the ground that counsel did not advise him about the applicable sentencing ranges. Specifically, even if counsel failed to advise defendant regarding sentencing, he would be unable to establish that counsel's alleged dereliction prejudiced the defense because the sentences imposed are within the range of sentences the prosecutor and the court told him he was at risk of receiving. *See Davis v. People*, 871 P.2d 769 (Colo.1994)(to prevail in a proceeding for postconviction relief based on a claim of ineffective assistance of counsel, the defendant must demonstrate not only that counsel's performance was deficient, but also that it prejudiced the defense).

### III. Ineffective Assistance of Counsel

Defendant also maintains that the trial court erred by concluding that plea counsel's assistance was not constitutionally ineffective and by denying his Crim. P. 35(c) motion on that basis. We disagree.

To establish that he received ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Valdez*, 789 P.2d 406 (Colo.1990); *People v. DiGuglielmo*, 33 P.3d 1248 (Colo. App.2001).

■ To satisfy the second requirement of this test, a defendant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington, supra; Davis v. People, supra.* Thus, defendant here was required to demonstrate that, but for counsel's alleged dereliction, he would not have pleaded guilty. *See People v. Garcia*, 815 P.2d 937 (Colo.1991); *People v. Pozo*, 746 P.2d 523 (Colo.1987).

Because a presumption of validity attaches to a judgment of conviction, the burden is on the defendant to prove both elements of his ineffective assistance claim by a preponderance of the evidence. *People v. Naranjo*, 840 P.2d 319 (Colo.1992); *People v. McClellan*, 183 Colo. 176, 515 P.2d 1127 (1973). If the defendant fails to prove either the deficient performance or the prejudice element of the claim, the trial court may reject it on that basis alone. *People v. Gandiaga*, 70 P.3d 523 (Colo.App.2002).

■ Further, when a defendant alleges for the first time on appeal ineffective representation because of a conflict of interest, he or she must demonstrate that an actual conflict of interest adversely affected trial counsel's performance. Once an actual conflict of interest is shown, prejudice is presumed, and no further showing of prejudice is necessary. *Armstrong v. People*, 701 P.2d 17 (Colo. 1985); *People v. Tafoya*, 833 P.2d 841 (Colo. App.1992).

Here, defendant argued that plea counsel's performance was deficient in a number of respects, including that he told defendant he would probably be sentenced to probation or community corrections, represented one of the victims in the theft case in another proceeding and did not disclose the conflict to defendant, and encouraged defendant to confess to the charges in the sex assault case before obtaining any concessions from the prosecution. In support of his claim, defendant relied in part on counsel's admission at a disciplinary proceeding that his conduct in this case violated Colo. RPC 1.1, which requires a lawyer to "provide competent representation to a client," as well as Colo. RPC 8.4.

■ After a lengthy evidentiary hearing, the court denied the motion, concluding that defendant failed to establish that he would not have pleaded guilty but for counsel's alleged deficiencies. In support of that conclusion, the court found that there was "significant evidence" of defendant's guilt in both the theft and sex assault cases. The court further noted that several cases, including one in which defendant was charged with intimidating a witness and another involving bond jumping charges, were either not filed or were dismissed pursuant to the plea agreement and that the remaining charges in the theft and sexual assault cases, including a burglary charge and several serious sexual assault charges, were dismissed. The court also noted that the sexual assault charges alone could have resulted in a ninety-six-year sentence. The court thus concluded that the plea agreement was very favorable to defendant and that he was not prejudiced by counsel's performance.

On remand from this court for a hearing on defendant's claim that postconviction counsel was ineffective, the trial court revisited the question and again concluded that defendant was not prejudiced by plea counsel's performance. More specifically, the court found that counsel "minimized [defendant's] liability" by negotiating for the dismissal of the remaining cases and charges, thereby reducing his maximum prison exposure to twelve years and avoiding a sentence that "could have been easily over fifty" years.

Based on our review of the record, we agree with the trial court's conclusion that defendant did not demonstrate that he would not have pleaded guilty but for his counsel's admitted incompetence, and that he was not prejudiced by his counsel's performance. We thus find no abuse of discretion in its denial of his motion in that regard.

We further conclude, based on the trial court's factual findings, that defendant did not show that any conflict of interest adversely affected his trial counsel's performance. Accordingly, we need not address the parties' arguments regarding whether counsel's performance fell below an objective standard of reasonableness. *See People v. Gandiaga, supra.*

### IV. Alternative Counsel

Defendant's final contention is that the trial court erred by refusing to appoint alternative counsel to represent him on his Crim. P. 35(c) motion to withdraw his guilty plea (the first motion) and his motion on remand in which he asserted that postconviction counsel was ineffective (the second motion). We are not persuaded.

After it granted postconviction counsel's motion to withdraw based on his conclusion that defendant's first motion lacked arguable merit, the trial court denied defendant's request that substitute counsel be appointed to represent him at the hearing on the first motion. Contrary to defendant's assertion, this court, not the trial court, denied his request for counsel on the second motion.

Both orders were appropriate. Specifically, because the record establishes that defendant was not entitled to relief on his first motion, the trial court was not required to appoint counsel to represent him on that motion. *See Duran v. Price,* 868 P.2d 375 (Colo.1994); *Brinklow v. Riveland,* 773 P.2d 517 (Colo.1989); *People v. Lopez,* 12 P.3d 869 (Colo.App.2000).

Moreover, because the first motion, which defendant originally filed pro se, lacked merit, postconviction counsel was not ineffective for moving to withdraw based on his conclusion that the motion lacked arguable merit. Accordingly, defendant's second

motion also lacked merit, and he was not entitled to court-appointed counsel to represent him on that motion. *Cf. People v. Fitzgerald,* 973 P.2d 708 (Colo.App.1998)(to satisfy the prejudice prong of an ineffective assistance claim regarding previous postconviction and appellate counsel, defendant was required to establish that, but for counsel's alleged dereliction, defendant would have prevailed·on at least one of the claims he raised in his previous motion or on appeal).

The trial court's July 9, 1997 order granting defendant's motion to reconsider is vacated. The appeal is dismissed as to the trial court's September 20, 2001 order and the portion of the May 10, 2001 order in which the court concluded that the order granting the motion to reconsider was a clerical error. The remainder of the May 10, 2001 order and the other orders being appealed are affirmed.

Judge NIETO and Judge CARPARELLI concur.