The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Henry CORRAL, Defendant–Appellant.

No. 05CA1979.

Colorado Court of Appeals, Div. I.

Aug. 9, 2007.

John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

Douglas K. Wilson, Colorado State Public Defender, Samuel Santistevan, Deputy State Public Defender, Tracy C. Renner, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Henry Corral, appeals the sentence imposed after he pled guilty to one count of escape. We vacate the sentence and remand for further proceedings as to the plea.

The principal issues in this case are whether Corral was properly advised of the possibility of an aggravated sentence and, for purposes of the escape sentencing statute, whether Corral was serving a sentence on another offense at the time he escaped, where he had pled guilty to the other offense but was awaiting sentencing.

In 2002, Corral had pled guilty to a manslaughter charge in Morgan County and was awaiting sentencing when he escaped from the custody of the Adams County Detention Facility. Two years later, he was apprehended and charged with felony escape. He was sentenced to six years in the custody of the Department of Corrections (DOC) on the manslaughter conviction and reached a plea disposition on the escape charge.

At the providency hearing on the escape plea, the court stated that the sentence for that offense must be imposed consecutively to the manslaughter sentence, and advised Corral that the potential sentence range was between two and six years in the custody of the DOC. The court did not advise Corral of the possibility of an aggravated range sentence, and no written plea advisement appears in the record.

A different judge presided over Corral's sentencing, and a different prosecutor appeared. The court found that Corral's prior criminality was an aggravating factor and, upon the prosecutor's request, sentenced him to twelve years in the custody of the DOC, the maximum in the aggravated range, to be served consecutively to the manslaughter sentence.

## I. Improper Advisement

Corral argues, the People concede, and we agree that the trial court violated Corral's right to due process by imposing a sentence in the aggravated range when he was only advised of the possibility of a sentence in the

presumptive range at the providency hearing.

## A. Knowing and Voluntary Plea

To satisfy the requirements of due process, the record as a whole must show that the defendant entered his or her guilty plea knowingly and voluntarily. *People v. Gresl*, 89 P.3d 499, 502 (Colo.App.2003). Prior to accepting a guilty plea, a trial court must ensure that the defendant was advised of the direct consequences of the plea, including the possible sentencing range. Crim. P. 11(b)(4); *People v. Gresl, supra*, 89 P.3d at 502.

Here, Corral pled guilty to class four felony escape, for which the presumptive sentencing range of imprisonment is between two and six years in the custody of the DOC. Sections 18–1.3–401(1)(a)(V)(A), 18–8–208(3), C.R.S.2006. However, a defendant may receive an aggravated range sentence for a conviction for this offense of up to twelve years in the custody of the DOC, if the sentencing court concludes there are extraordinary aggravating circumstances. Section 18–1.3–401(1)(a)(V)(A), (6), C.R.S.2006.

At the providency hearing, the trial court advised Corral that his potential sentence of imprisonment was between two and six years. The prosecutor did not object to that statement of law or attempt to clarify that Corral could be sentenced in the aggravated range. As noted, at the sentencing hearing, a different prosecutor asked the court to impose a sentence in the aggravated range, and the court sentenced Corral to twelve years in the custody of the DOC, the maximum of the aggravated range. Because Corral was not advised of the possibility of a twelve-year aggravated range sentence, this sentence violated his right to due process.

## B. Remedy

Corral asserts, and the People concede, that the proper remedy for this error is to remand the case for sentencing based upon the providency hearing advisement that Corral would be sentenced within the presumptive range. We disagree. *See People v. Backus*, 952 P.2d 846, 850 (Colo.App.1998)(appellate court is not bound by a party's concessions).

Generally, if a plea is not knowing and intelligent, the conviction is not valid, and the court must vacate the plea. *People v. Cabral*, 698 P.2d 234, 236 (Colo.1985); *People v. Peters*, 738 P.2d 395, 396 (Colo.App. 1987).

However, in some circumstances, the appropriate remedy is to remand to allow the defendant to withdraw or affirm his or her plea based upon a proper advisement. *See People v. Walker*, 46 P.3d 495, 497 (Colo.App. 2002)(if court decides not to grant sentence concessions contemplated by plea agreement, it must so advise defendant and give defendant the opportunity to affirm or withdraw the plea of guilty).

Here, because Corral does not seek to vacate his plea, we conclude that the appropriate remedy is to remand and allow him, after advisement of the proper sentencing range, to reaffirm his plea or withdraw it.

The People, nonetheless, contend that Corral may be resentenced within the presumptive range, and cite in support *Craig v. People*, 986 P.2d 951, 959 (Colo.1999). We disagree.

In *Craig*, the supreme court held that where a plea is induced by a prosecutor's promise, and the prosecutor fails to honor that promise, "the appropriate remedy will generally be to give effect to the defendant's legitimate expectations arising out of the express promises made by the government." *Craig v. People, supra*, 986 P.2d at 959.

Here, the prosecutor was silent when the court failed to advise Corral of the possibility of an aggravated range sentence, and the prosecutor made no explicit promise. *See People v. Frank*, 30 P.3d 664, 665 (Colo.App.2000)(rejecting defendant's claim that prosecution impliedly promised earned time credit from a specific date, where no such promise was explicitly made). Therefore, *Craig* is inapposite.

Accordingly, we vacate the sentence and remand for further proceedings. *See People v. Walker, supra*, 46 P.3d at 497.

## II.  *Apprendi–Blakely* Violation

Corral also contends the trial court abused its discretion in aggravating his sentence based upon facts (his prior criminal convictions) not found by a jury beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  Because we have already concluded in part I that Corral's plea was not valid and the aggravated sentence must be vacated, this issue is moot.  In any event, we note that the fact of a prior conviction is exempt from the *Apprendi–Blakely* requirements.  *Lopez v. People*, 113 P.3d 713 (Colo.2005).

## III.  Consecutive Sentence

■ Because it may arise on remand, we next address whether any sentence imposed on the escape charge must be imposed consecutively.

Corral, on the one hand, argues the trial court erred in concluding the sentence must be imposed consecutively to the manslaughter sentence because he was not serving a sentence on the manslaughter conviction when he escaped from the Adams County facility.  The People, on the other hand, contend that because Corral had pled guilty, he had been convicted of that crime, and, thus, he was serving a sentence on the manslaughter conviction when he escaped.  We agree with Corral.

Pursuant to § 18–8–209, C.R.S.2006, "Any sentence imposed following conviction of [an escape offense] shall run consecutively and not concurrently with *any sentence which the offender was serving* at the time of the [escape offense]."  (Emphasis added.)

■ In construing a statute, our primary purpose is to ascertain and give effect to the intent of the legislature.  *Vigil v. Franklin*, 103 P.3d 322, 327 (Colo.2004).  We look first to the language of the statute itself, giving words and phrases their plain and ordinary meaning.  *Vigil v. Franklin, supra*, 103 P.3d at 327. We consider the statutory scheme as a whole and give consistent, harmonious, and sensible effect to each individu-

al section.  *In re Regan*, 151 P.3d 1281, 1284 (Colo.2007).  When the statute is clear and unambiguous on its face, we need not look beyond its plain language.  *Frazier v. People*, 90 P.3d 807, 810 (Colo.2004).

Although Colorado's appellate courts have addressed similar issues, they have not squarely addressed whether a defendant who has pled guilty and is awaiting sentencing is serving a sentence for purposes of § 18–8–209.

A division of this court has held that when a defendant is incarcerated and under arrest but not serving a sentence for the underlying felony or any other conviction, the defendant is not serving a sentence for purposes of § 18–8–209.  *See People v. Eurioste*, 12 P.3d 847, 849 (Colo.App.2000).  *But cf.  People v. French*, 165 P.3d 836, 841 (Colo.App.2007) (holding, for purposes of sentence aggravation, a guilty plea by itself is sufficient to constitute a conviction prior to imposition of judgment and sentence).

■ Here, the plain language of the statute requires that an escape sentence run consecutively to "any sentence which the offender was serving."  A defendant cannot be serving a sentence that has not yet been imposed.  *See People v. Reed*, 43 P.3d 644, 646 (Colo.App.2001) (holding a defendant begins to serve a sentence when the court pronounces the judgment and sentence and remands the defendant to the custody of the sheriff); *cf.  People v. Rosales*, 134 P.3d 429, 432 (Colo.App.2005)(restitution is a mandatory part of a sentence and the sentence is not final until restitution is imposed).

Although it might appear that a defendant who is accorded presentence confinement credit (PSC) serves part of his or her sentence prior to its imposition, PSC is not equivalent to serving a sentence.  *See* § 18–1.3–405, C.R.S.2006 ("A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to *credit against the term of his or her sentence* for the entire period of such confinement." (emphasis added) ); *cf.  People v. Reyes*, 166 P.3d 301 (Colo.App.2007)(defendant under detainer pursuant to the Interstate Agreement on Detainers (IAD) was in pretrial or

presentence confinement and was not serving a term of imprisonment within meaning of IAD before he was sentenced). Thus, under the PSC statute, a period of presentence confinement may not be credited to a defendant's sentence until the sentence has actually been imposed.

Here, Corral had entered a guilty plea and was awaiting sentencing when he escaped. However, because Corral had not yet been sentenced, he was not serving a sentence on the manslaughter conviction at the time he escaped from the Adams County facility. Therefore, § 18–8–209 did not require the trial court to impose a consecutive sentence.

The People, nonetheless, contend that when read together, §§ 18–8–208 and 18–8–209, C.R.S.2006, require that the sentence for the escape offense be imposed consecutively because the former section defines the felony class of an escape offense based on the existence of a conviction and not on the fact that the defendant was serving a sentence. We disagree.

Pursuant to § 18–8–208(3), C.R.S.2006: "A person commits a class 4 felony if, while being in custody or confinement and *held for or charged with but not convicted of a felony*, he knowingly escapes from said custody or confinement." (Emphasis added.)

However, pursuant to § 18–8–208(2), C.R.S.2006: "A person commits a class 3 felony if, while being in custody or confinement *following conviction* of a felony other than a class 1 or class 2 felony, he knowingly escapes from said custody or confinement." (Emphasis added.)

Therefore, while the class of felony of an escape offense depends on whether a defendant was in custody prior to or after conviction for an underlying crime, § 18–8–208 does not determine whether a court must impose a consecutive or concurrent sentence. That statute does not conflict with § 18–8–209, and thus, under § 18–8–209, a sentence must be imposed consecutively only to a sentence being served by a defendant at the time of the escape.

Accordingly, we conclude that a defendant who has entered a guilty plea and is awaiting sentencing is not serving a sentence

for purposes of § 18–8–209. On remand, if Corral again pleads guilty to escape, or is found guilty after a trial, the court may, in its discretion, impose a consecutive or concurrent sentence. *See People v. Wieghard,* 743 P.2d 977, 978 (Colo.App.1987)(noting it is generally within the trial court's discretion to sentence a defendant consecutively or concurrently).

The sentence is vacated, and the case is remanded for further proceedings consistent with this opinion.

Judge MÁRQUEZ and Judge J. JONES concur.