The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Blanch Cleveland HODGE,** a/k/a Blanch Cleveland Hodge, Jr., Defendant–Appellant.

No. 06CA1936.

Colorado Court of Appeals, Div. IV.

Oct. 30, 2008.

Rehearing Denied March 12, 2009.

John W. Suthers, Attorney General, Rebecca A. Adams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Jami Vigil, L.L.C., Jami Vigil, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

Defendant, Blanch Cleveland Hodge, appeals the trial court's order denying his most recent postconviction motion seeking to withdraw his plea agreement. We vacate the order and remand for an evidentiary hearing, at which Hodge shall be appointed counsel.

## I. Procedural Background

In 1999, Hodge pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to first degree burglary and third degree sexual assault. The trial court sentenced him to the Department of Corrections (DOC) for concurrent terms of thirty years and two years, respectively. Hodge then filed a Crim. P. 35(a) motion, arguing that his burglary sentence was illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which the trial court denied. On appeal, a division of this court determined that the thirty-year sentence for burglary exceeded the maximum sentence authorized by the statutes, vacated the sentence, and remanded the case for resentencing. *People v. Hodge*, 2003 WL 22053528 (Colo.App. No. 02CA0341, Sept. 4, 2003) (not published pursuant to C.A.R. 35(f)) (*Hodge I*).

On remand, the trial court denied Hodge's request that counsel be appointed and resentenced him to twenty-four years in the DOC, the maximum sentence in the aggravated range. Hodge then moved to withdraw his plea arguing, as relevant here, that his plea agreement was invalid because the trial court's providency advisement had been inaccurate. He also sought to vacate the sentence because he had been denied counsel at the resentencing hearing. The trial court denied the motion, finding that Hodge was not prejudiced by the lack of counsel, his other claims failed on the merits, and they were both successive and time barred.

On appeal, a division of this court held that Hodge's right to counsel had been violated by the court's refusal to appoint counsel for resentencing, vacated the sentence, and remanded the case for resentencing with counsel. The division also held that the court properly denied Hodge's motion to withdraw his plea because it was untimely. *See People v. Hodge*, 2006 WL 800702 (Colo.App. No. 04CA1255, Mar. 30, 2006) (not published pursuant to C.A.R. 35(f)) (*Hodge II*).

Before the second resentencing, Hodge again moved to withdraw his plea, alleging that he was incorrectly advised of the sentencing range at his providency hearing, and thus his plea was unintelligent and unknowing. The trial court orally denied the motion, finding that Hodge was not entitled to withdraw his plea because he had been advised of the full range of possible sentences, including mitigating and aggravating ranges. After appointing counsel, the court again sentenced him to twenty-four years in the DOC. This appeal followed.

## II. Untimely or Successive

■ Initially, we conclude that, contrary to the Attorney General's argument on appeal, the Crim. P. 32(d) motion is timely because it was filed before resentencing, after the sentence had been vacated in *Hodge II*. *See* Crim. P. 32(d) (motion to withdraw guilty plea may be made only before sentence is imposed or imposition of sentence is suspended); *cf. Delgado v. People*, 105 P.3d 634, 638 (Colo.2005) (holding that correction of illegal sentence renews 120–day deadline for filing motion to reduce sentence under Crim. P. 35(b)).

■ Alternatively, the Attorney General argues that Hodge's motion should be denied as successive because it was addressed in *Hodge II*. On the particular facts presented,

we disagree because the plea issue in *Hodge II* was raised in a Crim. P. 35(c) motion filed *after* the first resentencing. *See People v. Dawson,* 89 P.3d 447, 449 (Colo.App.2003)("[A]fter sentence has been imposed, the validity of a guilty plea can be challenged under Crim. P. 35(c)."). But the plea issue here was filed *before* the second resentencing as a Crim. P. 32(d) motion. Thus, the *Hodge II* division's conclusion that the motion was time barred under section 16–5–402(2), C.R.S.2008, does not reflect the procedural posture before us. Further, once Hodge's sentence was vacated, the correctness of that conclusion became questionable based on the requirement that a Crim. P. 32(d) motion be filed "before sentence is imposed." *Compare* Delgado, 105 P.3d at 638 (corrected sentence resets 120–day Crim. P. 35(b) deadline), *with Leyva v. People,* 184 P.3d 48, 50 (Colo.2008) (on discovery of an illegal sentence, "the prisoner should be allowed to pursue any good-faith arguments for postconviction relief addressing how that illegality potentially affected his or her original conviction"); *see People v. Roybal,* 672 P.2d 1003, 1005 n. 5 (Colo.1983) (court, in its discretion, may decline to apply law of the case doctrine if it determines that previous decision is no longer sound because of changed conditions or law, or legal or factual error, or if prior decision would result in manifest injustice).

## III. Withdrawal of Plea

Hodge contends the trial court should have granted his most recent motion to withdraw his plea for two reasons: first, his advisement was defective because the court advised him that he could receive a sentence as low as two years if it found extraordinary mitigating factors, when in fact he was subject to mandatory aggravation based on probation status when he committed the crimes; and, second, his sentence is illegal because the court did not advise him that he was subject to mandatory aggravation. We conclude that the advisement was defective and an evidentiary hearing is required to determine whether the error was harmless. However, we also conclude that the sentence is not illegal.

### A. Law

A defendant may not as a matter of right have a guilty plea withdrawn or changed. *People v. Valdez,* 928 P.2d 1387, 1392 (Colo.App.1996). Rather, the defendant has the burden of showing a fair and just reason for the withdrawal of his plea. *People v. Gutierrez,* 622 P.2d 547, 559 (Colo. 1981); *People v. Finley,* 141 P.3d 911, 913 (Colo.App.2006).

A motion to withdraw a plea before sentencing is addressed to the sound discretion of the trial court, and denial of such a motion will not be overturned absent abuse of discretion. *Gutierrez,* 622 P.2d at 559. To constitute an abuse of discretion, the court's ruling must be manifestly arbitrary, unreasonable, or unfair. *Id.; People v. Di-Guglielmo,* 33 P.3d 1248, 1250 (Colo.App. 2001).

Nevertheless, to satisfy the requirements of due process, the record as a whole must show that the defendant entered a guilty plea knowingly and voluntarily. *People v. Gresl,* 89 P.3d 499, 502 (Colo.App. 2003). Before accepting the plea, the trial court must ensure that the defendant was advised of the direct consequences of the plea, including the possible sentencing range. Crim. P. 11(b)(4); *People v. Corral,* 174 P.3d 837, 839 (Colo.App.2007); *Gresl,* 89 P.3d at 502.

### B. Facts

Hodge's plea agreement is not in the record. At the providency hearing, defense counsel explained that Hodge had agreed to plead guilty to first degree burglary, a class three felony, and an amended count of third degree sexual assault, a class one misdemeanor, in exchange for the prosecution dismissing the remaining counts. The prosecutor concurred.

Defense counsel also said, "there would be a range of 2 to 32 years." The court asked the prosecutor about the sentencing range on which Hodge should be advised. Noting Hodge's probationary status, the prosecutor asserted, "Judge, it becomes a 10 to 32." The court responded, "And should I advise him as to exceptional circumstances, 2 to 32

still?" The prosecutor responded, "I think so, judge." The court then advised Hodge, as relevant here:

> A plea of guilty of that offense is punishable by a minimum of 4 years to a maximum of 16 years ... plus 5 years of mandatory parole; if there are mitigating factors, the sentence could be as long [sic] as two years. If there are aggravating factors, the sentence could be as high as 32 years.

The court made no mention of the mandatory minimum sentence based on probationary status, nor did the prosecutor further address the sentencing range. Hodge responded that he understood. Defense counsel remained silent. Later in the proceeding, the court confirmed Hodge's understanding that the court would not be bound by any representations "other than what's been stated today in open court."

However, the conviction was mandatorily aggravated because Hodge was on probation when he committed this offense. *See* § 18–1.3–401(1)(a)(V)(A), (8)(a)(III), C.R.S.2008; *see also Hodge I.* Thus, because the sentencing range for the first degree burglary count was between eight and twenty-four years, the trial court incorrectly advised Hodge.

## C. Analysis

We cannot disregard this error because Hodge failed to seek clarification of the discrepancy between the prosecutor's statement (10 to 32 years), on the one hand, and his attorney's statement (2 to 32 years) and the court's advisement (2 to 32 years), on the other hand, based on cases such as *People v. DiGuglielmo*, 33 P.3d at 1250, and *People v. Chavez*, 7 P.3d 1047, 1051 (Colo.App.1999). Those cases oblige a defendant to speak where the court's providency hearing advisement is contrary to the terms of the plea agreement. But here, the plea agreement is not in the record.

While Hodge had actual knowledge of his probationary status, he cannot be charged with knowledge of the sentencing consequences. In the absence of the plea agreement, we conclude that because the court's incorrect advisement followed the prosecutor's comment, Hodge could have reasonably dismissed the prosecutor's comment as argu-

ment and relied on the court's statement as the last word about a matter of law. *See People v. Dunlap*, 975 P.2d 723, 763 (Colo. 1999) (confusion in prosecutor's closing argument resolved because trial court told jury "to rely on the court's statement of the law"); *People v. Alvarez*, 187 Colo. 290, 292, 530 P.2d 506, 507 (1975) (counsel may not usurp trial court's duty to instruct on law); *cf. Sheftel v. People*, 111 Colo. 349, 352, 141 P.2d 1018, 1020–21 (1943) (holding court's statement about evidence prejudicial because "of the weight given to statements of the court by jurors").

■ Further, on this record, we cannot reject Hodge's assertion that he chose to plead guilty at the providency hearing based on a chance of being sentenced to as little as two years, as the court advised him. We agree with Hodge that because a sentence of less than eight years was impossible, this benefit of his bargain was illusory. *Cf. Robinson v. Colorado State Lottery Division*, 179 P.3d 998, 1005 (Colo.2008) (Lottery could be liable in tort for continuing to sell tickets after advertised grand prize was no longer available because "the injury arises out of the Lottery's misrepresentations regarding the availability of the represented prizes, which induced the purchase of scratch tickets.").

We are not persuaded that the unavailability of this benefit was harmless by cases concerning deficient mandatory parole advisements. *See, e.g., Young v. People*, 30 P.3d 202 (Colo.2001); *Craig v. People*, 986 P.2d 951 (Colo.1999). According to these cases, such advisements can be harmless error "when the term of imprisonment, combined with the mandatory period of parole, falls within the range of sentence that the defendant was at risk of receiving." *Craig*, 986 P.2d at 964.

But the effect of the understated *minimum* sentence on Hodge's calculus of risk in pleading guilty differs from the effect of the understated *maximum* sentences on the defendants in *Young* and *Craig*. First, such defendants did not lose the opportunity of a sentence at the bottom of the advised range because the sentence could have fallen there. The misadvisement did not create an illusory

benefit. Second, while such defendants were exposed to the risk of a total sentence, including mandatory parole, in excess of the advised sentencing range, they did not lose the protection of the cap where the ultimate sentence, including mandatory parole, was within that range. *See Craig*, 986 P.2d at 964 (withdrawal of plea not required if on remand "the number of years of imprisonment is reduced by such an extent as to remove the extra onus of the undisclosed or improperly described parole term"). In contrast, Hodge's lost opportunity of a two-year sentence cannot be cured by remand for resentencing because he would still be subject to the eight-year minimum.

The advisement at issue in *People v. Zuniga*, 80 P.3d 965, 971 (Colo.App.2003), as here, understated the minimum sentence that could be imposed. But the *Zuniga* division merely cited *Craig*, which for the reasons set forth above is distinguishable. Hence, we decline to follow *Zuniga. See also In re Estate of Becker*, 32 P.3d 557 (Colo.App. 2000)(one division of the court of appeals is not bound by the decision of another division), *aff'd sub nom. In re Estate of DeWitt*, 54 P.3d 849 (Colo.2002).

Instead, we are persuaded by cases such as *United States v. Santo*, 225 F.3d 92, 97–101 (1st Cir.2000) (withdrawal of plea permitted where court's understatement of statutory minimum sentence, though accurate at plea hearing, was inaccurate in light of increased drug quantity subsequently attributed to defendant), and *United States v. Hernandez–Wilson*, 186 F.3d 1, 5–6 (1st Cir. 1999) (plea not given "voluntarily and intelligently" where court, ignorant of defendant's criminal history, erroneously advised that he could receive a lighter sentence for which he was ineligible).

The precise question decided in *Santo* and *Hernandez–Wilson* has not been addressed in any published Colorado appellate case. In *People v. Corral*, 174 P.3d at 839, however, the defendant was not advised of the possibility of an aggravated sentence that the trial court later imposed. The division found a due process violation and concluded that the proper remedy was to allow him to withdraw his plea on remand, after advisement of the

proper sentencing range. *Cf. People v. Chippewa*, 751 P.2d 607 (Colo.1988) (because neither counsel nor trial court was aware of defendant's probation status at time of advisement, court's inaccurate advisement that defendant could presume he would receive sentence in presumptive range created fair and just reason to allow defendant to withdraw his plea).

Accordingly, we conclude that Hodge is entitled to a hearing on his motion to withdraw plea.

### D. Illegal Sentence

■ Finally, we reject Hodge's contention that the court's failure to advise him of the mandatory aggravation renders his sentence illegal and thus his plea void.

■ An illegal sentence is one that is inconsistent with the terms specified by statutes. *People v. Moore–El*, 160 P.3d 393, 394 (Colo.App.2007). However, as discussed above, Hodge was informed that his sentence could be aggravated, and he received a sentence within the aggravated range authorized by the statute for his offense. Thus, regardless of the court's erroneous advisement, his sentence was not illegal.

To the extent Hodge contends that his sentence is illegal under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi*, we decline to address that issue because it was not raised in his motion to the trial court. *People v. Goldman*, 923 P.2d 374, 375 (Colo.App. 1996) (allegations not raised in motion and not ruled on by the trial court are not properly before this court for review).

### IV. Conclusion

On remand, Hodge must establish that his asserted belief in the possibility of receiving a sentence between two and eight years when he pleaded guilty was "objectively reasonable." *See People v. Jones*, 33 P.3d 1258, 1259 (Colo.App.2001). This inquiry should include proof of the terms of his plea agreement, which defense counsel described at the sentencing hearing as "a 10 to 32 plea agreement."

The order is vacated and the case is remanded for further proceedings consistent with this opinion.

Judge ROY and Judge HAWTHORNE concur.