22CA2113 Peo v Lockard 04-10-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 22CA2113
Arapahoe County District Court Nos. 20CR1426 & 20CR1481
Honorable Elizabeth Weishaupl, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brandon Joseph Lockard,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE GROVE
Harris and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 10, 2025

---

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Tanja Heggins, Alternate Defense Counsel, for Defendant-Appellant

¶ 1    Brandon Joseph Lockard appeals the district court's denial of his Crim. P. 32(d) motion to withdraw his guilty pleas. We affirm.

## I.    The District Court Proceedings

¶ 2    This case has a long, tortured procedural history in the district court, due in large part to Lockard's failure to attend many hearings in the case.

¶ 3    In May 2020, the People charged Lockard with three counts of second degree burglary and one count of criminal mischief in Arapahoe County District Court case number 20CR1426. A week later, the People charged Lockard with one count each of robbery and theft in Arapahoe County District Court case number 20CR1481.

¶ 4    In May 2021, the parties entered into plea agreements resolving both cases. Under the agreements, (1) Lockard would plead guilty to class 5 felony counts of criminal mischief in 20CR1426 and attempted robbery in 20CR1481; (2) the remaining counts in those cases would be dismissed; and (3) two other criminal cases brought against Lockard would also be dismissed. The parties stipulated to concurrent sentences of three years of

supervised probation, with the condition that Lockard successfully complete three years in the community corrections Peer I program.

¶ 5     At the providency hearing, the district court clarified with Lockard that the two class 5 felony convictions each carried a presumptive sentencing range of one to three years in the Department of Corrections (DOC), with two years on parole.  *See* § 18-1-401(1)(a)(V)(A.1), C.R.S. 2024.  Lockard pleaded guilty to both counts and the court accepted his pleas.  In June 2021, the court imposed the stipulated concurrent sentences of three years of supervised probation, with the condition that Lockard successfully complete three years in Peer I.

¶ 6     However, four days after sentencing, Lockard's probation officer filed a report informing the court that "Peer I will not accept condition of probation sentences.  [Lockard] would need to be sentenced directly to Community Corrections for Peer I to complete a screen for acceptance."

¶ 7     In August 2021, the court resentenced Lockard to a three-year direct sentence to the community corrections Peer I program.

¶ 8     A month and a half later, in October 2021, the same probation officer filed another report informing the court that Lockard "was

denied placement with Peer One . . . [because he] refus[ed] to have contact with Peer One to complete a screen for the program." In an attachment to the filing, a Peer I staff member reported that Lockard had "self-reject[ed] placement for the Peer I program."

¶ 9 Because Lockard was no longer eligible for a Peer I sentence, the case was set for resentencing on January 10, 2022. *See* § 18-1.3-301(1)(d), C.R.S. 2024 ("If an offender is rejected by a community corrections board or a community corrections program before placement in a program, the court shall promptly resentence the offender.").

¶ 10 Before the scheduled resentencing hearing, however, Lockard filed a Crim. P. 32(d) motion to withdraw his guilty pleas. In the motion, he alleged that his pleas were invalid because, at the August 2021 hearing during which the court imposed a direct sentence to community corrections, he was not readvised of his rights under Crim. P. 11 nor advised of the consequences of a rejection from Peer I. He said he was unaware that, unlike a probationary sentence, which, if not successfully completed, resulted in revocation, a direct sentence to community corrections,

if not successfully completed, would result in a resentencing to a term of imprisonment.

¶ 11 The court ordered the prosecution to file a response to Lockard's Rule 32(d) motion by January 20, 2022. However, at the January 10 hearing, which Lockard attended in person, Lockard's counsel reported that the parties were in discussions regarding "a proposed alternative resolution," and counsel agreed that the prosecution need not file a response to the Rule 32(d) motion by the January 20 deadline.

¶ 12 Then, in late January 2022, the parties filed a new plea agreement stipulating to concurrent sentences of two years in the DOC.

¶ 13 Notwithstanding the new plea agreement, at a June 2022 hearing, the court agreed that Lockard could withdraw his guilty pleas. The court then set a trial date in October 2022, and a motions hearing in September 2022. The prosecutor did not object and agreed with the new dates.

¶ 14 Shortly before the scheduled motions hearing, the prosecution filed a response to Lockard's Rule 32(d) motion filed in December 2021. The prosecution argued that the Rule 32(d) motion remained

pending because the district court had never ruled on it. It asked the court to deny the motion because, among other reasons, Lockard had not demonstrated a fair and just reason to withdraw his guilty pleas.

¶ 15 Lockard's counsel filed a reply arguing, among other things, that the district court had already allowed Lockard to withdraw his guilty pleas at the June 2022 hearing; and because the prosecution did not object at that hearing, it had voluntarily abandoned and waived its current objection.

¶ 16 At the scheduled motions hearing, at which Lockard failed to appear, the court made clear that Lockard's Rule 32(d) motion remained pending and was now fully briefed, and that it could rule on the motion in Lockard's absence. The court rescheduled the next hearing for mid-September 2022.

¶ 17 Lockard failed to appear at the next hearing. The court announced that, at that next scheduled hearing, it would rule on Lockard's fully briefed Rule 32(d) motion. The court ruled that it would treat the prosecution's response to Lockard's Rule 32(d) motion as a motion to reconsider the court's decision at the June 2022 hearing allowing Lockard to withdraw his guilty pleas.

Lockard's counsel said that she did not object to the court ruling on the Rule 32(d) motion based on the pleadings, but counsel again emphasized that the court had already allowed Lockard to withdraw his guilty pleas at the June 2022 hearing.

¶ 18    At the final hearing in October 2022, the court granted the prosecution's motion to reconsider and, accordingly, denied Lockard's December 2021 Rule 32(d) motion to withdraw his guilty pleas.  In doing so, the court explained that Lockard had not presented a fair or just reason for withdrawing his pleas.  The court explained that it was not obligated to advise Lockard of any differences between failing to complete a probationary sentence and failing to complete a direct sentence to Peer I because they amounted to collateral consequences of his pleas.[1]  The court further held that, to the extent Lockard was raising an ineffective assistance claim based on his counsel's failure to advise him of any

---

[1] *See People v. Birdsong*, 958 P.2d 1124, 1128 (Colo. 1998) ("[T]he trial court must advise the defendant of the direct consequences of the conviction to satisfy the due process concerns that a plea be made knowingly and with a full understanding of the consequences thereof. . . .  Accordingly, a guilty plea is not rendered invalid by a trial court's failure to warn a defendant of the collateral consequences of his guilty plea.") (citations omitted).

such differences, he could not show prejudice on the claim because the differences were "not significant enough to undermine confidence that the Defendant would have pleaded guilty regardless."

¶ 19     In addressing Lockard's argument that both his probationary sentence and his direct sentence to community corrections became impossibilities after his rejection from Peer I, the court ruled that

> the Defendant was rejected from Community Corrections because he refused to have contact with the program for screening.  That is the Defendant's own actions and inactions which caused his rejection from the direct sentence to Community Corrections, not a flaw in the plea agreement or the actions of others.  The Defendant cannot show that it is fair and just to withdraw his guilty pleas because he refuses to cooperate with the terms of his sentence. Because the Defendant cannot show a fair and just reason for withdrawing his guilty pleas, the Defendant's request to withdraw his guilty pleas is denied upon reconsideration.

¶ 20     The court clarified that it was going to proceed with resentencing Lockard on his guilty pleas.  After the court gave Lockard's counsel time to discuss the matter with Lockard, counsel told the court, "We are prepared to proceed with sentencing today maintaining our objections, and I believe the Prosecution would be

requesting two years [in the DOC] today. That would be our request as well." The prosecutor confirmed that the parties had agreed to a two-year DOC sentence in the January 2022 plea agreement. The court then sentenced Lockard to concurrent two-year DOC sentences with two years of mandatory parole, while saying that it was sentencing Lockard "in accordance with" the January 2022 plea agreement.

## II. Lockard's Rule 32(d) Motion Was Not Untimely

¶ 21 On appeal, the People reassert an argument they made in the district court that Lockard's December 2021 Rule 32(d) motion was untimely because such a motion must be filed "before sentence is imposed," but Lockard had already been sentenced at the August 2021 resentencing hearing.

¶ 22 We are not persuaded. Between the time that (1) the court imposed the direct sentence to community corrections in August 2021, and (2) Lockard filed his Rule 32(d) motion in December 2021, Lockard was rejected from community corrections in October 2021. As we've already explained, when Lockard was rejected from community corrections before placement in the Peer I program, the district court was required to resentence him under

8

section 18-1.3-301(1)(d). So, the hearings that the district court held in November 2021 (which Lockard did not attend) were resentencing hearings. Because Lockard filed his Rule 32(d) motion before the court successfully held a resentencing hearing in Lockard's presence, Lockard's Rule 32(d) motion was filed before that resentencing and was therefore timely. *See People v. Hodge*, 205 P.3d 481, 483 (Colo. App. 2008) ("[C]ontrary to the Attorney General's argument on appeal, the Crim. P. 32(d) motion is timely because it was filed before resentencing.").

III. The District Court Did Not Abuse its Discretion in Denying Lockard's Rule 32(d) Motion to Withdraw His Guilty Pleas

A. Applicable Law and Standard of Review

¶ 23 In a Crim. P. 32(d) motion, the defendant has the burden of establishing a "fair and just" reason for withdrawing a guilty plea, and a district court has discretion to determine whether the defendant met that burden. *Crumb v. People*, 230 P.3d 726, 730 (Colo. 2010) (quoting *People v. Chippewa*, 751 P.2d 607, 609 (Colo. 1988)). An appellate court will not overturn a district court's denial of a Crim. P. 32(d) motion unless the court abused its discretion. *Id.* To determine that, we consider a non-exclusive list of factors,

9

including these three: (1) whether the prosecution would be prejudiced by the withdrawal of the guilty plea, (2) whether the defendant promptly moved to withdraw the guilty plea, and (3) whether the defendant has shown that justice will be subverted if the motion is denied (the *Crumb* factors). *Id.*; *see also People v. Allen*, 310 P.3d 83, 85 (Colo. App. 2010) (a district court abuses its discretion in denying a Crim. P. 32(d) motion if its decision is manifestly arbitrary, unreasonable, or unfair), *aff'd*, 2013 CO 44.

## B. Analysis

¶ 24     In determining whether the district court abused its discretion in denying Lockard's Rule 32(d) motion to withdraw his guilty pleas, we first address Lockard's suggestion that his convictions were entered on the January 2022 plea agreement, not the May 2021 plea agreement. For example, Lockard asserts that "the court sentenced him in accordance with [the January 2022] plea agreement," but then argues that he was not present in court "for a plea colloquy" on that January 2022 plea agreement.

¶ 25     We are not persuaded. The record clearly indicates that the district court's ultimate imposition of the two-year DOC sentence was based on Lockard's original guilty pleas entered in May 2021,

after Lockard had been rejected from community corrections in October 2021. The convictions entered in this case are based on Lockard's guilty pleas in May 2021. The court's mention at the October 2022 hearing that it was sentencing him "in accordance with" the January 2022 plea agreement merely confirmed the parties' agreement at the October 2022 hearing that a two-year DOC sentence was appropriate on the May 2021 convictions.

¶ 26     We now turn to address two procedural quirks and nuances in this case. The first is the fact that Lockard filed his Rule 32(d) motion in late December 2021, but the prosecution did not file its response to the motion until August 2022. Importantly, though, at the hearing on January 10, 2022, the parties informed the court that they were negotiating a proposed alternative disposition, and Lockard's counsel specifically agreed — in Lockard's presence — that, because of the continued negotiations, the People would not need to file a response to the Rule 32(d) motion by the January 20, 2022, deadline. The case then languished for months because Lockard failed to appear at hearings between January and June of 2022. Further, the filing of the new January 2022 plea agreement, which had been initialed and signed by Lockard, suggests that, at

11

that point, Lockard was no longer pursuing his December 2021 Rule 32(d) motion to withdraw his May 2021 guilty pleas.

¶ 27     The second procedural nuance involves the court's announcement at the June 27, 2022, hearing that it was allowing Lockard to withdraw his guilty pleas.  However, the court ultimately reconsidered that decision after (1) the prosecution filed its response to the Rule 32(d) motion in August 2022, and (2) Lockard failed to appear for the motions hearings in September 2022.  It is well settled that "[a] trial court has inherent authority to reconsider its own rulings" and "may exercise this authority any time before it enters a final judgment." *Graham v. Zurich Am. Ins. Co.*, 2012 COA 188, ¶ 18.  Under the circumstances here, we discern no abuse of discretion in the court's ruling reconsidering its decision at the June 27, 2022, hearing by instead ruling on the pleadings on the fully briefed December 2021 Rule 32(d) motion.

¶ 28     Finally, we agree with the district court that Lockard did not present a fair and just reason for withdrawing his May 2021 guilty pleas.  *See Crumb*, 230 P.3d at 730.  As the People point out, regardless of whether Lockard was sentenced to Peer I as a condition of probation (as he was in June 2021), or whether he

received a direct sentence to Peer I (as he did in August 2021), his sentences required him to successfully complete three years in Peer I. And notably, Lockard's own counsel argued at the August 2021 resentencing hearings that the court should simply change Lockard's sentence from community corrections as a condition of probation to a direct sentence to community corrections.

¶ 29 But Lockard self-rejected from Peer I by declining to participate in the intake process. True, the record suggests he may have done so because of health issues that he believed would prevent him from successfully completing three years in Peer I. But Lockard has not cited, and we are not aware of, any authority indicating that unforeseen events that hamper a defendant's ability to serve a stipulated sentence justify allowing the defendant to withdraw his guilty plea.

¶ 30 Further, during plea negotiations, Lockard could have attempted to include language in the plea agreement allowing him to withdraw from the plea agreement in the event he was rejected from Peer I. But no such language appears in the plea agreement. Where the district court accepted Lockard's guilty pleas and imposed the parties' stipulated sentence to Peer I, but where

13

Lockard was later rejected from Peer I before being accepted into the program, the law required resentencing, not invalidating the pleas. *See* § 18-1.3-301(1)(d).

¶ 31   Significantly, Lockard was clearly advised at the original providency hearing in May 2021 that each of his convictions carried a presumptive sentencing range of one to three years in the DOC with two years of parole. And again, Lockard's counsel informed the court at a scheduled resentencing hearing in November 2021 that Lockard had been "fully apprised of what happens if he's rejected from Community Corrections."

¶ 32   For these reasons, we discern no abuse of discretion in the district court's ruling denying Lockard's December 2021 Rule 32(d) motion to withdraw his guilty pleas.

## IV.   Disposition

¶ 33   The judgment is affirmed.

JUDGE HARRIS and JUDGE PAWAR concur.